Hat, Judge,
delivered the opinion of the court:
This is a petition filed in this court by Stanley Field, executor of the estate of Kate Field, deceased, to recover the sum of $121,059.60, which it is alleged was the amount of a tax wrongfully assessed and collected from said estate by the collector of internal revenue of the United States for the first district of Illinois. To this petition of the plaintiff the defendants have demurred.
The plaintiff alleges in his petition that on November 8, 1911, Joseph N. Field, a citizen of Illinois, executed his will by which he devised the residue of his estate, after payment of certain specific legacies, to trustees. One of the provisions of said will was as follows:
“ If my wife, Kate Field, shall survive me, one-third (-J) of said trust estate shall be set apart and held as a separate trust fund for the benefit of my said wife, and the net income derived therefrom shall be paid to my wife during her life, *431 and írom and after her death the net income- from one-half (i) of said share of said trust estate shall be paid to such persons, and in such shares as she shall appoint by her last will and testament.”
Joseph Field died April 29, 1914, and his will was probated in the probate court of Cook County, Ill.
On January 7, 1916, Kate Field executed her will wherein she executed the power of appointment given her by the will of Joseph Field. Kate Field died on April 29, 1917, and her will was probated in the probate court of Cook County, Ill., and the plaintiff was appointed executor of her estate. The Collector of Internal Revenue, claiming to act under the income tax act of 1916, 39 Stat. 756, and the regulations issued thereunder by the Commissioner of Internal Revenue of the United States, included as part of the gross estate of Kate Field the appointed estate passing under the execution by her of the general power of appointment given her by the will of Joseph Field, and proceeded to assess and collect an inheritance tax on the net value thereof. The plaintiff paid said tax under protest.
The income tax act of September 8, 1916, among other things, provides, 39 Stat., 777:
“ Sec. 202. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated: (a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses ox its administration and is subject to distribution as part of his estate. (5) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for a fair consideration in money or money’s worth.”
The questions for determination are whether or not the property passing by the execution of the general power of appointment authorized by the will of Joseph Field is subject to the payment of .the tax provided for in the income tax act above quoted, and whether the passing of such an estate *432 is such a transfer of property as is contemplated by paragraph (b) of section 202 of said act.
It is a cardinal rule that statutes imposing taxes upon the citizen must be construed in favor of the taxpayer. The intent of Congress to impose a tax upon any specific prop erty or estate should be expressed in clear and unambiguous language. In the case of Gould v. Gould, 245 U. S., 151, 153, the court said: “In the interpretation of statutes levying taxes it is the established rule not to extend their provisions by implication beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the Government, and in favor of the citizen.”
In the act of 1916 there is no provision for taxing property passing under a general power of appointment exercised by a decedent by will, nor is it possible by a fair or reasonable construction to include appointed property in the property mentioned in paragraph (a) of section 202 of the act.
Appointed property is something definite and specific, which Congress could have taxed under the provisions of the act of 1916 had it seen fit to do so; and that Congress so regarded it is shown by the fact that in the act of 1918 amending the act of 1916 Congress specifically provided :
“ Sec, 402 (e). To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will, or (2) by deed executed in contemplation of, or intended to take effect in, possession or enjoyment at or after his death, except in case of a bona fide sale for a fair consideration in money or money’s worth.” 40 Stat., 1097.
We do not think that the transfer of appointed property is such a transfer as is provided for in section 202, paragraph (5) of the act of 1916. The provisions of the statute do not impose a tax upon gifts made by will, but relate to transfers made before death.
For the foregoing reasons the demurrer of the defendants must be overruled, and it is so ordered.
The majority of the court concur in this opinion.