In the Matter of the Paper Writings Propounded as the Last Will and Testament of EMILY HOWLAND BOURNE, Deceased.

Surrogate's Court, New York County, May, 1923.

**Wills — testamentary capacity — insufficient evidence — direction of verdict.**

Insufficient evidence is in the eye of the law no evidence and where in a probate contest there is no evidence that ought to reasonably satisfy the jury that the testatrix lacked testamentary capacity, the court is not required to submit the case to the jury on that issue, and there being an entire failure of evidence to support the charge that the will and the codicils thereto were procured by undue influence, a verdict will be directed on all issues admitting the will and the codicils thereto to probate, the evidence establishing that said papers were executed with all the formality required by law.

PROCEEDING to probate alleged will.

*Allen E. Foster* (*Henry DeForest Baldwin* and *Orrin W. Clark*, of counsel), for proponent.

*Cadwalader, Wickersham & Taft* (*Francis Smyth* and *Thomas B. Gilchrist*, of counsel), for Emilie B. Michler and others.

*Parsons, Closson & McIlvaine*, for New York City Mission and Tract Society.

*Masten & Nichols*, for New York Association for Improving the Condition of the Poor.

*Burlingham, Veeder, Masten & Fearey*, for Henry Street Settlement.

*Dorman & Dana* (*Richards M. Cahoone*, of counsel), for contestant.

*William Allen*, special guardian for Francis B. Gummers, 3d, and others, infants.

FOLEY, S.   I am of the opinion that the evidence is insufficient in this contested probate proceeding to require its submission to the jury.   The decedent executed her will on April 24, 1920, and three codicils thereto on June 8, 1920, June 17, 1921, and November 4, 1921.   She died on March 23, 1922.   She left an estate of approximately $1,200,000.   The will is contested by a niece.   So far as the execution is concerned, the testimony of the three subscribing witnesses to the will and codicils establishes that the papers were executed with all the formalities that the law requires. So far as the issue of undue influence is concerned, there is an entire failure of evidence to support the charge that the will was procured by Mrs. Michler, the person charged with unduly

influencing the decedent. *Matter of Ruef,* 180 App. Div. 203; affd., 223 N. Y. 582; *Matter of Price,* 204 App. Div. 252. The only issue which requires any extended discussion is the question of the soundness of mind of the decedent. The contestant has adduced some evidence as to Miss Bourne's peculiarities, eccentricities, loss of memory, aversion to tobacco smoking, inconsistent actions with regard to heat and fresh air, physical disabilities and certain acts, conduct and declarations which some witnesses have testified impressed them as irrational. On the other hand, the proponent has established that the will and codicils were carefully drawn by the decedent, in consultation with a member of the bar freely chosen by her; that there were at least two preliminary drafts of the will, the first of which was corrected in Miss Bourne's own handwriting; that she remembered in these various papers approximately one hundred and seventy persons and corporations, of which thirty-nine were charitable and religious corporations. Her corrections on the draft of the will and codicils, and her instructions to their draftsman show a keen intellect, discrimination and reason in the disposition of her property, knowledge and comprehension of the death of certain legatees and the substitution of their relatives in subsequent instruments, and appreciation of the fact that certain legacies were unnecessary by reason of her gifts in her lifetime to the legatees subsequently eliminated. There have been received in evidence numerous letters written by the decedent during the entire period covered by the execution of these testamentary papers and up to the time of her death displaying keenness of mind, responsiveness to surrounding circumstances, knowledge and appreciation of the amount of her property, familiarity with current events, and strong indication of the retention of a vigorous mind for a woman eighty-six years of age.

As to testamentary capacity the law requires that the testatrix must have strength and clearness of mind and memory sufficient to know, in a general way, the names and identity of the persons who are the proper objects of her bounty and her relations toward them, the extent and nature of the property of which she was about to dispose, and the nature of the act which she was about to perform. It is clear that Miss Bourne possessed the first element of this definition, for she remembered all her near relatives in her testamentary dispositions, and other persons who might be proper objects of her bounty. Legacies were given to her brother, Senator Jonathan Bourne, her nieces, to more distant relatives, to friends, to her faithful servants, to charitable institutions, in which she had been interested for many years, to memorials in memory of her father, and to other purposes. Her scheme of dispositi[on]

is a logical one. The evidence shows that the selection of all these beneficiaries originated solely with the maker of the wills. Her previous wills, in evidence, made in 1910 and 1914, show a similar policy of distribution. She had suffered from cataracts, which greatly impaired her eyesight, and her wills show a deep interest in the care of the blind and make provision for persons thus afflicted.

She appears to a great degree to have been familiar with the amount of her property (the second element of capacity), and to have personally conducted certain financial operations, and received and disbursed her income. The evidence also discloses possession of the third element of capacity, as to her knowledge of the scope and effect of the provisions of the wills. If incapacity may be predicated upon a prejudice against tobacco smoking and a love of fresh air, few wills would survive a contest or the hazards of a jury's verdict.

It is the rule in a probate contest that the issues should not be submitted to the jury where there is no evidence that ought to reasonably satisfy the jury that the maker of the will lacked testamentary capacity. *Matter of Case,* 214 N. Y. 199, 204. Insufficient evidence in the eye of the law is no evidence.

In this proceeding I hold that it has been established without question that Miss Bourne was of sound mind at the times of the execution of these contested papers, and that there is not sufficient evidence to justify the submission of the issues to the jury. The more recent authorities supporting my decision are *Matter of Heaton,* 224 N. Y. 22; *Matter of Burnham,* 234 id. 475, affg. 201 App. Div. 621; *Matter of Meade,* 200 id. 346; affd., 235 N. Y. 508; *Matter of Case, supra;* *Matter of Brand,* 227 N. Y. 630, affg. 185 App. Div. 134; *Matter of Dunn,* 184 id. 386, and *Matter of Kennedy,* 229 N. Y. 567.

A verdict will be directed on all issues admitting the will and codicils to probate. Submit decree on notice accordingly.

Decreed accordingly.