### MERRIMAN v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 2568.

Circuit Court of Appeals, First Circuit.
Dec. 17, 1931.

Rehearing Denied Feb. 25, 1932.

880

James F. Armstrong, of Providence, R. I. (Roger T. Clapp and Hinckley, Allen, Tillinghast, Phillips & Wheeler, all of Providence, R. I., on the brief), for petitioner.

Morton K. Rothschild, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and Prew Savoy, Sp. Atty., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, both of Washington, D. C., on the brief), for Commissioner of Internal Revenue.

Before BINGHAM and WILSON, Circuit Judges, and MORRIS, District Judge.

MORRIS, District Judge.

This is a petition to review a decision of the Board of Tax Appeals affirming a decision of the Commissioner of Internal Revenue determining a deficiency of $492.33 in petitioner's income tax for the year 1926.

The facts are brief. During the taxable year 1926 the petitioner paid an attorney's bill and legal expenses incurred in 1923, in an unsuccessful effort to break the will of her aunt. The will was sustained by a decree of the Surrogate Court for New York county, N. Y., May 31, 1923. In re Bourne's Will, 121 Misc. Rep. 12, 199 N. Y. S. 904. No proceedings were thereafter taken further to contest the will, and the aunt's estate was settled in accordance therewith. The petitioner brought the suit with the hope that she would recover something out of the estate if she were successful in breaking the will.

The expenditure of $2,028.45, paid by the petitioner in 1926, was taken as a deduction by her in her income tax return for that year as a loss on a "transaction entered into for profit." The Commissioner disallowed the deduction on the ground that it was a personal expense, and the Board of Tax Appeals affirmed the Commissioner's decision.

The only error argued is that "said board erred in holding that said legal expenses were not deductible as a loss incurred in a transaction entered into for profit."

A decision of the case seems to turn upon the construction of the words "transaction entered into for profit," and more particularly upon the word "profit." Section 214 (a) (5) of the Revenue Act of 1926, 26 USCA § 955 (a) (5) provides as follows: "In computing net income there shall be allowed as deductions * * * (5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business."

■ Conceding the rule of interpretation of taxing statutes to be that in case of doubt they are to be construed most strictly against the government and in favor of the taxpayer (Gould v. Gould, 245 U. S. 151, 153, 38 S. Ct. 53, 62 L. Ed. 211), still the language used must be given its usual and ordinary meaning, keeping in mind the subject-matter to which it relates. It cannot under the rule of interpretation be strained beyond the breaking point in the interest of taxpayers. "Profit and loss" are well-known terms referable to business transactions. Profit is gain; loss more than wipes out all gain. It is unnecessary to try to give a comprehensive definition of either term. As ordinarily understood, profit does not refer to what is already one's own, but is an accretion to what one already possesses. Loss does not refer to what one has never had.

■ When the petitioner brought her suit to break her aunt's will, it was to establish her right to what she must have claimed honestly belonged to her. To hold otherwise would be to impute to her dishonest motives. If the litigation had proved successful, she would have received only such part of the testator's estate as justly belonged to her. That would not have been profit. The litigation was unsuccessful. Her anticipated share in the estate was denied her. It was not loss because she never possessed it. To hold that the expenses of litigation under the existing facts were a deductible loss because incurred in a transaction entered in-

to for profit would be straining the meaning of "profit" beyond any ordinary or usual meaning of the word and beyond the sense in which it was used by Congress.

The decision of the Board of Tax Appeals is affirmed.