APPEAL OF HENRY D. WEED.

Docket No. 2563.   Submitted April 27, 1925.   Decided June 18, 1925.

An individual who kept his books of account upon the basis of a fiscal year ended May 31, but made his income-tax returns for 1917 and prior years on the basis of the calendar year, was required to file an income-tax return showing his income from January 1 to May 31, 1918. *Held,* that his liability to income tax upon such return should be computed in the manner outlined in section 226 of the Revenue Act of 1918.

*Arthur H. Fast, Esq.*, for the Commissioner.

Before JAMES, SMITH, and TRUSSELL.

The taxpayer appeals from the determination of a deficiency in income tax for the fiscal period January 1 to May 31, 1918, in the amount of $13,882. The appeal was submitted upon petition and answer.

FINDINGS OF FACT.

1. The taxpayer at all times affected by this appeal was engaged in business as a sole proprietor and kept his books of account on the basis of an annual accounting period ended May 31 of each year.

2. The taxpayer's returns of net income for years prior to 1918 were made on the basis of a calendar year, the last return filed upon that basis being the return for the calendar year 1917.

3. The taxpayer made an initial return under the Revenue Act of 1918 for the short period of five months ended May 31, 1918.

4. The taxpayer's income for 1917 was determined by the Commissioner by adding together five-twelfths of the taxpayer's net

income for the fiscal period ended May 31, 1917, and seven-twelfths of his net income for the fiscal period ended May 31, 1918.

5. In his return for the five months' period ended May 31, 1918, the taxpayer reported five-twelfths of his net income for his fiscal period ended May 31, 1918.

6. Under date of January 23, 1924, the Commissioner proposed the assessment of an additional tax for the five months' period ended May 31, 1918; this proposed additional tax was reached by computing the normal tax and surtax under the Revenue Act of 1918 on the taxpayer's entire income for the twelve months' period ended May 31, 1918 (on seven-twelfths of which income taxes for 1917 had already been paid), and then by taking five-twelfths of that amount instead of by computing the taxes on the net income for a period of five months ended May 31, 1918.

#### DECISION.

The deficiency determined by the Commissioner is disallowed.

#### OPINION.

SMITH: Two questions of law are presented by this appeal. In the first place, the Commissioner moves for the dismissal of the taxpayer's petition for want of jurisdiction on the ground that there has not, since the enactment of the Revenue Act of 1924, been determined by him a deficiency in tax or a proposed assessment of additional tax. The facts in connection with this contention appear to be that, prior to June 2, 1924, the Commissioner made an assessment against the taxpayer without complying with the provisions of section 250(d) of the Revenue Act of 1921, with respect to giving the taxpayer an opportunity for a hearing. In his petition the taxpayer alleges that the deficiency letter from which he appeals was mailed to him on February 27, 1925. This fact is admitted by the Commissioner in his answer. The appeal was filed with this Board on March 16, 1925. The Board has jurisdiction. *Appeal of Terminal Wine Co.*, 1 B. T. A. 697; *Appeal of The Buffalo Slag Co.*, 1 B. T. A. 749. The motion to dismiss is therefore denied.

The second point in issue is with respect to the question whether section 226 of the Revenue Act of 1918 has application in the computation of the tax due from the taxpayer upon his return for the period January 1 to May 1, 1918. The taxpayer kept his books of account on the basis of a fiscal year ended May 31. He had made an income-tax return for the calendar year 1917, as he was required to do by the provisions of the Revenue Act of 1916, as amended by the Revenue Act of 1917. It is the taxpayer's contention that his first return under the Revenue Act of 1918 should be for a period

of only five months, or from January 1 to May 31, 1918, and that the tax should be computed thereon in the manner provided in section 226 of the Revenue Act of 1918. The Commissioner, on the other hand, contends that section 205 (a) of the Revenue Act of 1918 applies; that the taxpayer was required to make a return of his income for the entire fiscal year ended May 31, 1918; and that the tax payable upon that return is to be computed in the manner outlined in Regulations 45.

Section 205 (a) of the Revenue Act of 1918 provides as follows:

That if a taxpayer makes return for a fiscal year beginning in 1917 and ending in 1918, his tax under this title for the first taxable year shall be the sum of: (1) the same proportion of a tax for the entire period computed under Title I of the Revenue Act of 1916 as amended by the Revenue Act of 1917 and under Title I of the Revenue Act of 1917, which the portion of such period falling within the calendar year 1917 is of the entire period, and (2) the same proportion of a tax for the entire period computed under this title at the rates for the calendar year 1918 which the portion of such period falling within the calendar year 1918 is of the entire period: *Provided*, That in the case of a personal service corporation the amount to be paid shall be only that specified in clause (1).

Any amount heretofore or hereafter paid on account of the tax imposed for such fiscal year by Title I of the Revenue Act of 1916 as amended by the Revenue Act of 1917, and by Title I of the Revenue Act of 1917, shall be credited towards the payment of the tax imposed for such fiscal year by this act, and if the amount so paid exceeds the amount of such tax imposed by this act, or, in the case of a personal service corporation, the amount specified in clause (1), the excess shall be credited or refunded in accordance with the provisions of section 252.

Section 212 provides as follows:

(a) That in the case of an individual the term "net income" means the gross income as defined in section 213, less the deductions allowed by section 214.

(b) The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer.; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income. If the taxpayer's annual accounting period is other than a fiscal year as defined in section 200. or if the taxpayer has no annual accounting period or does not keep books, the net income shall be computed on the basis of the calendar year.

If a taxpayer changes his accounting period from fiscal year to calendar year, from calendar year to fiscal year, or from one fiscal year to another, the net income shall, with the approval of the Commissioner, be computed on the basis of such new accounting period, subject to the provisions of section 226.

Section 226 of the Revenue Act of 1918 provides:

That if a taxpayer, with the approval of the Commissioner, changes the basis of computing net income from fiscal year to calendar year a separate return shall be made for the period between the close of the last fiscal year

for which return was made and the following December thirty-first. If the change is from calendar year to fiscal year, a separate return shall be made for the period between the close of the last calendar year for which return was made and the date designated as the close of the fiscal year. If the change is from one fiscal year to another fiscal year a separate return shall be made for the period between the close of the former fiscal year and the date designated as the close of the new fiscal year. If a taxpayer making his first return for income tax keeps his accounts on the basis of a fiscal year he shall make a separate return for the period between the beginning of the calendar year in which such fiscal year ends and the end of such fiscal year.

In all of the above cases the net income shall be computed on the basis of such period for which separate return is made, and the tax shall be paid thereon at the rate for the calendar year in which such period is included; and the credits provided in subdivisions (c) and (d) of section 216 shall be reduced respectively to amounts which bear the same ratio to the full credits provided in such subdivisions as the number of months in such period bears to twelve months.

In prescribing regulations for the administration of the Revenue Act of 1918 the Commissioner, with the approval of the Secretary, provided in article 25 of Regulations 45, as follows:

* * * A taxpayer having an existing accounting period which is a fiscal year within the meaning of the statute not only needs no permission to make his return on the basis of such a taxable year, but is required to do so, regardless of the former basis of rendering returns * * *. The first return under the present statute of the taxpayer who has heretofore made return on a basis different from his accounting period will necessarily overlap his next previous return. For the method of adjusting the tax in such a case see section 205 of the statute and articles 1621–1624. Section 226 has no application to this situation. * * *

Article 1624 of the same regulations sets forth the position of the Commissioner in this appeal:

ART. 1624. *Fiscal year of individual ending in 1918.*—Since under the law applicable to the calendar year 1917 individuals were not permitted to make returns on the fiscal year basis (see Title I of the Revenue Act of 1916 as amended), the tax of an individual for that part of a fiscal year ending in 1918 attributable to the calendar year 1917 has already been included in the tax for such calendar year and need not ordinarily again be computed. The tax for that part of the year attributable to the calendar year 1918 is found by computing the income of the taxpayer for the taxable year and the tax thereon in accordance with the present statute as if the taxable year was the calendar year 1918, and determining the proportion of such tax which the portion of such fiscal year falling within the calendar year is of the full fiscal year.

We think that the Commissioner erred in ruling that section 226 has no application to the case of the instant taxpayer. The Revenue Act of 1918 required a taxpayer keeping his books of account on the basis of a fiscal year different from the calendar year to make returns upon the basis of such fiscal year. The taxpayer was compelled to change the basis of reporting net income from the calendar year to a fiscal year. The Commissioner recognized this by article

25 of Regulations 45, above quoted. By force of the statute the taxpayer was compelled to make a return of his net income for the period January 1 to May 31, 1918. The accounting period for the making of the return was changed and by the provisions of section 212 of the statute section 226 was made applicable.

The Commissioner holds that section 205 (a) of the taxing statute applies to the instant taxpayer. We do not think that the section has application, since it applies to the case of a taxpayer making a return for a fiscal year beginning in 1917 and ending in 1918. This taxpayer did not make a return for the fiscal year beginning in 1917 and ending in 1918. He had made a return of his income to December 31, 1917, inclusive, and had paid the taxes imposed by prior taxing acts upon that income. In our opinion it was not the intention of Congress that the rates of tax applicable to returns of income made for full fiscal or calendar years ending prior to January 1, 1918, should be affected by the Revenue Act of 1918. The taxpayer did not make a return for a fiscal year, meaning thereby a period of twelve months (section 200 of the Revenue Act of 1918). When he made a return for the short period January 1 to May 31, 1918, he made a return for only a five months' period.

The fact that the taxing statute does not provide for the computation of income tax upon a return for a short period in the manner outlined by section 205 (a) of the taxing statute is no warrant for administrative authorities to resort to a method of computing the tax, which, in their opinion, produces a just tax. If Congress did not provide for the computation of the tax for the five months' period by first determining the tax for a twelve months' period and taking five-twelfths thereof as the tax due upon the return for the short period, such omission by Congress can not be supplied by administrative officers. Such amendment to the statute is the equivalent of legislation by an executive department.

If there is any doubt as to the proper construction of a taxing statute so far as it relates to this taxpayer, that doubt should be resolved in favor of the taxpayer instead of in favor of the Government. The interpretation of statutes levying taxes must not be extended beyond their provisions by implication, nor must they be interpreted beyond the clear import of the language used. In case of doubt, they are interpreted strongly against the Government and in favor of the taxpayer. *United States* v. *Wigglesworth*, 2 Story, 369; *Gould* v. *Gould*, 245 U. S. 151.

Inasmuch as it appears that the entire deficiency in tax found by the Commissioner is predicated upon the disallowance of the claim of the taxpayer that he is entitled to have his tax computed upon his return for the period January 1 to May 31, 1918, in the manner outlined in section 226, the appeal of the taxpayer must be sustained.