# GOULD *v.* GOULD.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 41. Submitted November 8, 1917.—Decided November 19, 1917.

Alimony paid monthly to a divorced wife under a decree of court is not taxable as "income" under the Income Tax Act of October 3, 1913, 38 Stat. 114, 166.

In the interpretation of taxing statutes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. Doubts are resolved against the Government.

168 App. Div. 900, affirmed.

THE case is stated in the opinion.

*Mr. Martin W. Litileton* and *Mr. Owen N. Brown* for plaintiff in error.

*Mr. John L. McNab* for defendant in error.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

A decree of the Supreme Court for New York County entered in 1909 forever separated the parties to this proceeding, then and now citizens of the United States, from bed and board; and further ordered that plaintiff in error pay to Katherine C. Gould during her life the sum of three thousand dollars ($3,000.00) every month for her support and maintenance. The question presented is whether such monthly payments during the years 1913 and 1914 constituted parts of Mrs. Gould's income within the intendment of the Act of Congress approved October 3, 1913, 38 Stat. 114, 166, and were subject as such to the tax prescribed therein. The court below answered in the negative; and we think it reached the proper conclusion.

Pertinent portions of the act follow:

"SECTION II. A. Subdivision 1. That there shall be levied, assessed, collected and paid annually upon the entire net income arising or accruing from all sources in the preceding calendar year to every citizen of the United States, whether residing at home or abroad, and to every person residing in the United States, though not a citizen thereof, a tax of 1 per centum per annum upon such income, except as hereinafter provided; . . .

"B. That, subject only to such exemptions and deductions as are hereinafter allowed, the net income of a taxable person shall include gains, profits, and income derived from salaries, wages, or compensation for personal service of whatever kind and in whatever form paid, or from professions, vocations, businesses, trade, commerce,

or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in real or personal property, also from interest, rent, dividends, securities, or the transaction of any lawful business carried on for gain or profit, or gains or profits and income derived from any source whatever, including the income from but not the value of property acquired by gift, bequest, devise, or descent: . .. ."

In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the Government, and in favor of the citizen. *United States* v. *Wigglesworth,* 2 Story, 369; *American Net & Twine Co.* v. *Worthington,* 141 U. S. 468, 474; *Benziger* v. *United States,* 192 U. S. 38, 55.

As appears from the above quotations, the net income upon which subdivision 1 directs that an annual tax shall be assessed, levied, collected and paid is defined in division B. The use of the word itself in the definition of "income" causes some obscurity, but we are unable to assert that alimony paid to a divorced wife under a decree of court falls fairly within any of the terms employed.

In *Audubon* v. *Shufeldt,* 181 U. S. 575, 577, 578, we said: "Alimony does not arise from any business transaction, but from the relation of marriage. It is not founded on contract, express or implied, but on the natural and legal duty of the husband to support the wife. The general obligation to support is made specific by the decree of the court of appropriate jurisdiction. . . . Permanent alimony is regarded rather as a portion of the husband's estate to which the wife is equitably entitled, than as strictly a debt; alimony from time to time may be regarded as a portion of his current income or earnings; . . ."

The net income of the divorced husband subject to taxation was not decreased by payment of alimony under the court's order; and, on the other hand, the sum received by the wife on account thereof cannot be regarded as income arising or accruing to her within the enactment.

The judgment of the court below is

*Affirmed.*