## NEW YORK LIFE INS. CO. v. UNITED STATES.

## UNITED STATES v. NEW YORK LIFE INS. CO.

(Circuit Court of Appeals, Second Circuit. June 1, 1926.)

No. 223.

Internal revenue ⬅11—Policies providing double indemnity for accidental death and annual income during total disability, in addition to ordinary life features, held taxable both as life and casualty policies (Revenue Act 1917, § 504 [Comp. St. 1918, § 6309¼a]); Revenue Act 1918, § 503 [Comp. St. Ann. Supp. 1919, § 6309⅓d]).

Within Revenue Act 1917, § 504, being Comp. St. 1918, § 6309¼a (modified by Revenue Act 1918, § 503, being Comp. St. Ann. Supp. 1919, § 6309⅓d), imposing a tax on life insurance and a different one on casualty insur-

ance, a policy segregating premium for casualty insurance from life premium, though termed a life policy, *held* also casualty insurance, not only as to feature providing life income to insured if he becomes totally and permanently disabled, but also as to feature providing double indemnity in case of death from accident.

Hough, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Southern District of New York.

Action by the United States against the New York Life Insurance Company to recover a tax upon insurance premiums received by the defendant. Judgment for plaintiff. Both plaintiff and defendant sue out writs of error. Judgment reversed on review of plaintiff's writ; judgment affirmed on review of defendant's writ, with directions.

Emory R. Buckner, U. S. Atty., of New York City (Samuel C. Coleman, Asst. U. S. Atty., of New York City, and Edward H. Horton, Sp. Atty., of Washington, D. C., of counsel), for the United States.

James H. McIntosh, of New York City, for defendant.

Before HOUGH, MANTON, and MACK, Circuit Judges.

MANTON, Circuit Judge. Defendant below, a life insurance company, in the course of its business, issues in one policy of insurance indemnity for total and permanent disability, and also double indemnity in the event of death due to accidental causes, as well as ordinary life insurance. Section 504 of the act of 1917 (40 Stat. 315 [Comp. St. 1918, § 6309¼a]) and section 503 of the act of 1918 (40 Stat. 1104 [Comp. St. Ann. Supp. 1919, § 6309⅓d]) imposes a tax on insurance according to the classification of the insurance. It divides the insurance into (a) life insurance; (b) marine, inland, and fire insurance; and (c) casualty insurance. It imposes a tax of 8 cents on each $100 or fractional part thereof of the amount for which any life is insured under any policy of insurance, except that in the case of policies for life insurance only, by which the life is insured not in excess of $500, the tax is 40 per centum of the amount of the first weekly premium; in the class of casualty insurance, a tax equivalent to 1 per centum on each dollar or fractional part thereof of the premium charged under each policy of insurance or obligation of the nature of indemnity for loss, damage,

or liability issued or executed or renewed by any person or corporation.

By the act of 1918 it is provided that, in lieu of the taxes imposed by section 504 of the act of 1917, taxes on the issuance of insurance policies shall be a tax of 8 cents on each $100, or fractional part thereof, of the amount for which any life is insured under any policy of insurance, except where the life is insured in a sum not in excess of $500, where the tax is fixed at 40 per centum of the amount of the first weekly premium, or 20 per centum of the amount of the first monthly premium; and on policies of group life insurance, covering groups of not less than 25 lives in the employ of the same person, for the benefit of persons other than employers, the tax shall be equivalent to 4 cents on each $100 of the aggregate amount for which the group policy issued, and of any net increase in the amount of insurance under such policy; also that on all policies covering life, health, or accident insurance combined in one policy, by which a life is insured not in excess of $500, issued on the industrial or weekly or monthly payment plan of insurance, the tax shall be 40 per centum of the amount of the first weekly premium, or 20 per centum of the first monthly premium, as the case may be. In the casualty class of insurance a tax is imposed equivalent to 1 cent on each dollar or fractional part thereof of the premium charged under each policy of insurance or obligation of the nature of indemnity for loss, damage, or liability issued or executed or renewed by any person transacting business of accident or life insurance, except that, in the cases of policies of insurance issued on industrial insurance on weekly or monthly payment plan, the tax shall be 40 per centum of the first weekly premium, or 20 per centum of the first monthly premium, as the case may be.

The policies issued, and upon which tax is now claimed, provided, among other things, that the company agrees to pay the beneficiary, upon receipt of due proof of death of the insured, double the face of the policy, where the proof establishes the death resulted directly and independently of all other causes from bodily injury effected solely through external, violent, or accidental causes, and that such death occurred within 60 days after sustaining such injury. This double indemnity does not apply in the event of self-destruction, or death resulting from military or naval service in case of war, or from engagement in submarine or aeronautic operations, or from physical or mental infirmity, or illness or disease of any kind. It contains a provision of payment of 10 per cent. of the face of the policy per annum during the lifetime of the insured, if the insured becomes wholly or permanently disabled before the rated-up age of 60. The consideration named in the policy covers ordinary life insurance, double indemnity insurance, and total and permanent disability benefits. Other provisions of the policy are:

"Section 1. *Total and Permanent Disability Benefits.*—Whenever the company receives due proof, before default in the payment of premium, that the insured, before the anniversary of the policy on which the insured's rated-up age at nearest birthday is 60 years and subsequent to the delivery hereof, has become wholly disabled by bodily injury or disease so that he is and will be presumably, thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit and that such disability has then existed for not less than sixty days—the permanent loss of the sight of both eyes, of the severance of both hands or of both feet, or of one entire hand and one entire foot, to be considered a total and permanent disability without prejudice to other causes of disability—then

"1. *Waiver of Premium.*—Commencing with the anniversary of the policy next succeeding the receipt of such proof, the company will on each anniversary waive payment of the premium for the ensuing insurance year, and, in any settlement of the policy, the company will not deduct the premiums so waived. The loan and surrender values provided for under sections 3 and 4 shall be calculated on the basis employed in said sections, the same as if the waived premiums had been paid as they became due.

"2. *Life Income to Insured.*—One year after the anniversary of the policy next succeeding the receipt of such proof, the company will pay the insured a sum equal to one-tenth of the face of the policy and a like sum on each anniversary thereafter during the lifetime and continued disability of the insured. Such income payments shall not reduce the sum payable in any settlement of the policy. The policy must be returned to the company for indorsement thereon of each income payment. If there be any indebtedness on the policy, the interest thereon may be deducted from each income payment.

"3. *Recovery from Disability.*—The company may at any time, and from time to time, but not oftener than once a year, de-

mand due proof of such continued disability, and upon failure to furnish such proof, or if it appears that the insured is no longer wholly disabled as aforesaid, no further premiums shall be waived nor income payments made.

"The * * * annual premium for the total and permanent disability benefits is $20.70, and is included in the premium stated on the first page of this policy. Any premium due on or after the anniversary of the policy on which the rated-up age of the insured at the nearest birthday is 60 shall be reduced by the amount of premium charged for the disability benefits."

If the insured becomes wholly or permanently disabled by bodily injury or disease at any time before the age of 60, the company waives the payment of any further premiums which might otherwise be due, and agrees to pay the insured annually during his lifetime one-tenth of the face of the policy. There is a separate premium payment for total and permanent disability. There is an admission in the answer that the defendant, in fixing the premiums on this type of policy, charged and collected premiums for a double indemnity obligation of the policy in addition to the premiums for ordinary life. When the insured reaches the age of 60, he has no further protection under the total or permanent disability clause, and the premium charged for this protection ceases, and is deducted from the premium paid on the face of the policy. It is included in the premium paid up to the time it ceases. This indicates a separate contract for the total and permanent disability feature, and with a separate consideration for it.

The defendant has paid its tax at the rate of 8 cents for each $100 of the face value of the policies issued, and contends it is exempt from further taxation under the terms of the policy, but it receives additional premium for insuring against additional casualties or risks. It is clear, from the phrase of the contract of insurance and the arrangement and amounts of the premiums to be paid, that these policies issued are for both life and casualty insurance. The statute levies a tax on casualty insurance, and this must be the controlling factor, rather than what the insurance companies deem best to call the particular policy issued. The tax is on the policy issued, executed and renewed by any person, corporation, partnership, or association. The company segregates the premium for casualty insurance from its life premium, and charges the insured an additional premium for insurance against casualties enumerated, as well as for double indemnity payments in the case of accidental death. In the instant policy, there is a separate premium of $20.70 charged for total and permanent disabilities, and, while payment ceases at 60, the benefit of these provisions likewise ceases. The classification of insurance by the statute is for the purpose of conveniently advising the insurance companies in ascertaining their tax. What class fits is determined by the character of insurance benefits contracted for. If the policy insured against hazards or disability provisions, or total indemnity in the event of accidental death, these identify the policy as a casualty policy in part, although it may, at the same time, contract insurance in the event of death through other causes.

It is not important that in some states the defendant is authorized to do only a life insurance business, and in such states it has not been interfered with in issuing policies of the type here in question. It is the activities and functions performed by the contract of insurance that is taxable under the statute. United States v. Phellis, 257 U. S. 156, 42 S. Ct. 63, 66 L. Ed. 180; Thames & Mersey Ins. Co. v. United States, 237 U. S. 19, 35 S. Ct. 496, 59 L. Ed. 821, Ann. Cas. 1915D, 1087. It is what the defendant undertakes to do in its contract that places it in the particular taxable class. The argument that the defendant is engaged primarily in life insurance business, and therefore may not be taxed upon the casualty insurance features of its policies, is unsound. If it chooses to write both classes of insurance, it must pay accordingly. The nature of the insurance determines the tax, and not the title of the insurer.

The provision of section 504 (c) of the Revenue Act of 1917 and section 503 (c) of the Revenue Act of 1918, exempting life insurance from the tax therein referred to, is a qualification of the kind of insurance written, and not an exemption of the life insurance company when charged with writing casualty insurance. Subdivision (c), as the phrase indicates, intends to cover many kinds of insurance which are enumerated. After the various unrelated clauses of insurance mentioned, it reads, "or other branch of insurance," and lest this last phrase should be held to include life and marine insurance, which are already provided for in sections (a) and (b), these two classes of insurance were specifically excepted. "Life insurance" cannot, therefore, be held to mean "life in-

surance company." The tax is to be paid by any person or corporation transacting the business of casualty insurance. When the defendant wrote the policies assuming the risks in question, it did more than a life insurance business; it entered the casualty insurance business. The rule that, where there be doubt as to a tax statute, it is construed in favor of the taxpayer (Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211), is not applicable where, as here, the defendant claims exemption as a result of what it does, for it takes all the features of an accident and health policy and puts them in a life insurance policy, and merely calling it a life policy cannot raise a doubt which would bring assistance from the rule now relied upon.

It writes into the life insurance policy an accident policy against death in double the original sum, and for this it charges an extra premium. This feature, together with the total and permanent disability feature, makes up a complete accident policy, fatal and nonfatal, independent of and distinct from the ordinary life features of the policy, with additional premiums paid therefor. This double indemnity premium is also taxable. The suggestion that whether the policy is one merely of life insurance or not is to be determined by the death of the insured is without force. If so, all accident insurance policies containing fatal clauses would be life insurance policies. All life policies are paid in the event of death, but the liability of the company to pay double indemnity under such a policy depends, not upon the mere fact of death, but upon the existence of the additional circumstances, namely, an accident resulting in death. It is not within the discretion of the company whether it may double the amount of the face of the policy, for it is bound to pay the double indemnity by virtue of the contract obligation which it has assumed in return for the receiving of additional premiums. The tax of 8 cents per $100 is based upon the face amount of the policy. Since the insurance company receives an additional premium when including the double indemnity provision, it is inconsistent to contend that it may escape the payment of the casualty tax, if it may consider this double indemnity provision an ordinary incident in life policy, it may well be argued that the policy, as illustrated by the complaint, would be for $20,000, instead of $10,000, and the tax would be 8 cents per $100 on $20,000. This double indemnity provision is an independent feature of the contract, just as disability provision is, and because of this the tax should be imposed for this casualty insurance.

The judgment will be reversed, in so far as it disallows recovery for the tax on double indemnity premiums. Since it appears that the facts are stipulated as to the amounts, the judgment of the District Court will be amended, so as to allow full recovery as demanded in the complaint, with interest and costs. Cahan v. Empire Trust Co. (C. C. A.) 9 F.(2d) 713.

Reversed in part, and affirmed in part.

HOUGH, Circuit Judge (dissenting). I dissent from the result reached upon the writ brought by the United States. Insurance of life means insurance against death. If in the vernacular the insured has to "die to win," he has life insurance; it makes no difference what the trade-name of the writing evidencing the contract may be. That portion of what is commonly called a casualty policy, which requires payment upon accidental death, is in truth life insurance.

For this reason, I think Judge Grubb's disposition of the matter on the trial was correct.