### AMERICAN CAN CO. v. UNITED STATES. MISSOURI CAN CO. v. SAME. DETROIT CAN CO. v. SAME.

District Court, D. New Jersey. May 31, 1927.

Nos. 1771–1773.

Internal revenue ⚖=25—Tax on income of corporation must be assessed on cash income received; where Commissioner determines that return does not clearly reflect income (Revenue Act 1916, § 13 [d], being Comp. St. § 6336m).

Revenue Act 1917 (40 Stat. 300) imposes a tax on the cash income received by corporations. Revenue Act 1916, § 13 (d), being Comp. St. § 6336m, provides that, if accounts of a corporation are kept on a basis other than that of actual receipts and disbursements, unless it does not clearly reflect its income, the tax shall be computed on its return made on such basis. Where the Commissioner determines that such a return does not clearly reflect income, the tax may only be assessed on the basis of actual receipts and disbursements.

At Law. Actions by the American Can Company, by the Missouri Can Company, and by the Detroit Can Company against the United States. Judgments for plaintiffs.

Graham Sumner, of New York City, and John J. Treacy, of Jersey City, N. J., for plaintiffs.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Charles T. Hendler, Sp. Atty., Internal Revenue, of Washington, D. C., for the United States.

BODINE, District Judge. These suits are brought to recover income taxes claimed to be improperly levied and assessed under the Revenue Act of 1917 (40 Stat. 300). It is conceded that the court has jurisdiction, and that the action may be maintained under section 281 (a) and section 1014 of the Revenue Act of 1924 (Comp. St. §§ 6336-⅙zz[8], 5949).

The Revenue Act of 1917 provides that taxes shall be levied upon the income of the taxpayer, determined upon the cash basis. It also provides that, where the taxpayer keeps its account and makes its return upon some other basis, which clearly reflects its income, the tax shall be computed upon the income returned. Section 10 (40 Stat. 333) imposes a tax upon income received. Section 12 provides for certain deductions, such as expenses of business, losses, interest, and taxes. Section 13 (d), Act Sept. 8, 1916, c. 463, 39 Stat. 771 (Comp. St. § 6336m), provides, so far as pertinent, as follows:

"A corporation * * * keeping accounts upon any basis other than that of actual receipts and disbursements, unless such other basis does not clearly reflect its income, *may*, subject to regulations made by the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, *make its return upon the basis upon which its accounts are kept, in which case the tax shall be computed upon its income as so returned.*"

The American Can Company, and its subsidiaries, made returns for the year 1917 pursuant to the statute last above quoted. The Commissioner ruled that the method by which the companies valued their inventories of tin plate did not reflect their true income and reassessed the taxes.

The Commissioner made certain adjustments prior to March 7, 1921, which had the effect of increasing the incomes to $19,278,121.83 (including $60,010.50 as dividends), which was $1,286,721.37 in excess of the incomes as returned, and $6,047,067.31 in ex-

cess of their incomes determined on the *cash basis*, and also had the effect of reducing their consolidated invested capital. In accordance with these changes, the Commissioner made assessments against the American Can Company for additional income and excess profits taxes and the American Can Company paid, and Edwards collected, the amounts of such assessments prior to March 7, 1921.

The amounts of the income and excess profits taxes for 1917, which were so paid by the plaintiffs, and the dates of payment thereof, were as follows:

American Can Company:
June 14, 1918, under original return .........................$3,266,499 86
November 22, 1919, under additional assessment ................ 520,762 54
September 21, 1920, under additional assessment ............. 1,432,718 25
_____
$5,219,980 65

Missouri Can Company:
June 14, 1918, under original return ........................ $15,213 54
Detroit Can Company:
June 14, 1918, under original return ........................ $6,287 19

If the taxes were computed upon the incomes of the plaintiffs determined on the cash basis, they would be as follows:

American Can Company....... $2,514,478 94
Missouri Can Company......... 7,449 89
Detroit Can Company......... 393 39
_____
Total ................... $2,522,322 22

The amounts which the plaintiffs seek to recover in these suits, being the amounts paid to Edwards, collector, prior to March 7, 1921, in excess of the amounts which were legally payable, are as follows: American Can Company, $2,705,501.71, with interest at the rate of 6 per cent. per annum on $1,-432,718.25 from September 21, 1920, on $520,762.54 from November 22, 1919, and on $752,020.92 from June 14, 1918; Missouri Can Company, $7,763.65, with interest at the rate of 6 per cent. per annum from June 14, 1918; Detroit Can Company, $5,893.80, with interest at the rate of 6 per cent. per annum from June 14, 1918.

It is thus to be noted that the taxpayer made its return pursuant to the discretionary provision contained in section 13 (d) of the act. The Commissioner, who up to this time had not issued any regulations with respect to the valuation of inventories, determined that the return did not reflect true income, and, instead of levying the tax upon the cash basis, rewrote the taxpayer's return and levied a tax on what the Commissioner apprehended was income.

The Supreme Court said in Gould v. Gould, 245 U. S. 153, 38 S. Ct. 53, 62 L. Ed. 211: "In the interpretation of statutes levying taxes, it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations, so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the government, and in favor of the citizen."

The same court said in United States v. Anderson, 269 U. S. 422, 441, 46 S. Ct. 131, 134 (70 L. Ed. 347): "It should be noted that section 13 (d) makes no use of the words 'accrue' or 'accrual,' but merely provides for a return upon the basis upon which the taxpayer's accounts are kept, if it reflects income—which is precisely the return insisted upon by the government."

The same court, at page 437. (46 S. Ct. 133), says: "Treasury Decision 2433, which provides in part that under section 13 (d) it 'will be permissible for corporations which accrue on their books monthly or at other stated periods amounts sufficient to meet fixed annual or other charges to deduct from their gross income the amounts so accrued, provided such accruals approximate as nearly as possible the actual liabilities for which the accruals are made, and provided that in cases wherein deductions are made on the *accrual* basis as hereinbefore indicated, income from fixed and determinable sources accruing to the corporations must be returned, for the purpose of the tax, on the same basis.' It also provided in substance that when the taxpayer, following a consistent accounting practice, sets up reserves to meet liabilities, the 'amount of which or date of maturity' is not definitely determinable, such reserve may be deducted from gross income. The decision also laid down a procedure for readjusting such reserves when the amount actually required for that purpose was definitely ascertained, and *provided that, if returns upon this basis of 'accrual or reserves' did not reflect true net income, the taxpayer would not be permitted to make its return on any other basis than that of 'actual receipts and disbursements.' We think that the statute was correctly interpreted by the Commissioner and that his decision referred to was consistent with its purpose and intent."

In fine, the statute imposes a tax upon the cash income received. Section 13 (d) grants permission to the taxpayer to make a

return upon the basis of accrued income. The only power which the Commissioner has to levy a tax is upon income, and, as the Supreme Court points out, if the net income is not reflected by the return made, then there is no other basis than that of actual receipts and disbursements upon which the tax may be levied.

The government's position is that there is an estoppel which bars the present action. The books, however, of the plaintiff companies, have been carefully examined, and they do reflect its income for the years in question upon the basis of actual receipts and disbursements, the basis upon which Congress imposed a tax. It is certainly no fault of the companies that the Commissioner rejected the return made upon the basis upon which their books were kept. The fact that the actual cash income was less than the income which the companies' books reflect is no reason why the companies should be barred from recovering the taxes which were levied upon a basis not authorized by law.

It seems useless to comment further than to say that the companies are given the option of making a return upon the basis upon which their accounts are kept, and that basis is subject to regulation by the Commissioner. Such a statute does not impose a tax upon the basis upon which the Commissioner shall direct the books to be kept. The option is with the taxpayer to make the return upon the basis upon which its accounts are kept. The Commissioner may reject this basis, and levy the tax upon actual receipts and disbursements. He cannot in part reject and in part confirm the taxpayer's method of bookkeeping. If he could, the tax might very well be an arbitrary adjustment, reflecting anything but income.

It is not necessary to consider whether under the Sixteenth Amendment the Commissioner may determine incomes upon the accrual basis, since Congress did not give him this power under the act of 1917.

Judgment may be entered accordingly.