SADIE S. STEIN, JACOB H. SCHEUER, ALWIN J. SCHEUER, AND THERESA SCHEUER, AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF HERMAN SCHEUER, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4621.   Promulgated December 6, 1927.

*Walter Frank, Esq.*, for the petitioners.
*John F. Greaney, Esq.*, for the respondent.

## OPINION.

MURDOCK: The question presented for decision in this case is whether the transfer on October 10, 1917, of certain assets by the deed of trust of Herman Scheuer was made in contemplation of death, within the meaning of section 402 (c) of the Revenue Act of 1918.

Herman Scheuer, the decedent, died November 11, 1921, more than four years after the transfer, and, therefore, no presumption arises under the provisions of the section in question that the distribution was made in contemplation of death.

In *Electric Reduction Co.* v. *Lewellyn*, 11 Fed. (2d) 493; 5 Am. Fed. Tax Rep. 5899, it is said:

In the construction of a taxing statute, doubts should be resolved against the government and in favor of the taxpayer. *American Net & Twine Co.* v. *Worthington*, 141 U. S. 468, 474; *Benziger* v. *United States*, 192 U. S. 38, 55; *Gould* v. *Gould*, 245 U. S. 151.

Therefore, in the absence of the presumption above referred to, the amount of the assets transferred by the deed of trust can not be included in the decedent's gross estate where it appears that the motive for the transfer was not a specific expectation, or a reasonable fear, that death was near at hand. *Shwab* v. *Doyle*, 269 Fed. 321; *Rea* v. *Heiner*, 6 Fed. (2d) 389; or, as it has been stated in one case, " It is only when contemplation of death is the motive, without which the conveyance would not be made, that a transfer may be subjected to the tax." *Spreckels* v. *State*, 30 Cal. App. 363; 158 Pac. 549. And undoubtedly, if it is shown that the decedent was actuated by other motives than a present expectation of death, the assets transferred are not taxable. *Rea* v. *Heiner*, *supra; Appeal of Philip T. Starck, Executor*, 3 B. T. A. 514.

In arriving at the decedent's motive for the transfer we must not be limited by his intentions as expressed at the time, although such evidence is of primary importance. All the facts and concomitant circumstances surrounding the deed of trust, the physical condition of the decedent and his natural expectancy of life and also his conduct and actions about the time the transfer was made, are important considerations in construing his true motive.

The decedent was a man 69 years of age, considerably past the prime of life, but in no more danger of death than the average person of his age. He was not an active man due to the fact that he had lost a leg in an accident, but neither this injury nor his general physical condition prevented him from attending to his duties at his place of business at the time of the transfer and until several weeks before his death four years later. He and his wife had periodic calls from the family physician, but, if the latter's testimony is to be believed, and we see no reason to doubt it, the decedent's physical condition was no worse than the average for his age and he was not advised of any danger of death being near at hand. His condition at the time was the same as it had been for some years previously. These facts as to his physical condition do not indicate that the

decedent, in making the transfer, was influenced by an expectation of death.

Ten days before the execution of the deed of trust, the decedent entered into a new partnership agreement with his two sons wherein he stipulated that he was not to be called upon to do any work in connection with the business or to receive any of the profits. But, after the execution of the agreement the duties he performed differed in no way from those previously undertaken. Coincident with the deed of trust he also executed a new will, the terms of which are not in evidence. Having made the trust deed which substantially changed his property holdings and provided for his wife, it is not surprising that he wanted to change his will accordingly. These facts do not indicate that he was expecting death in the reasonably near future and it is this expectancy, or contemplation of death, which the statute requires. See *Appeal of Edith D. Green et al., Executrices*, 6 B. T. A. 278, wherein the Board states:

We have heretofore had occasion to review the authorities and discuss the meaning of the phrase "contemplation of death." *Appeal of Philip T. Starck*, 3 B. T. A. 514; *Appeal of Spencer Borden, Jr.*, 6 B. T. A. 255. There we reached the conclusion that it did not include the general contemplation of death entertained by everyone, but did include a state of mind which looked forward to death within the reasonably near future.

About the time the transfer was made he executed a three-year lease for a new apartment, and in the spring of 1920, again executed a lease for another apartment for a term of three years. He continued to perform his work in connection with the business to the same extent that he had before the transfer and, together with his wife, continued to call upon their friends and to attend the theatres and other entertainments. He was generally in good spirits, and no change in his work, mode of life and general social activities was noticed, either at or after the time of the execution of the deed of trust. These facts rather indicate that he had no expectation of death in the near future. Finally, we have before us evidence of his desire to so arrange his affairs that his personal property would be relieved of some of the State tax and his income would be relieved of the increasing burden of the Federal income tax.

The new partnership agreement and the deed of trust would reduce his tax burdens. In *Appeal of Spencer Borden, Jr., Executor*, 6 B. T. A. 255, we had a somewhat similar situation and in this case as in that one we are convinced that the trust was not created in contemplation of death.

*Judgment will be entered on notice of 15 days, under Rule 50.*

Considered by MORRIS and SIEFKIN.