*992 OPINION.
Leech :
The only issue presented in this proceeding is whether the transactions detailed in our findings of fact, by which all of the assets of petitioner, except intangibles, cash, notes, accounts and bills receivable, were conveyed and transferred to the Kentucky Consolidated Stone Company, constituted a sale by the petitioner of its assets resulting in a taxable profit of $207,124.94 to it, as determined *993 by the Commissioner, or constituted a distribution in kind by petitioner to its stockholders, resulting in no taxable gain to petitioner.
No fraud is here alleged or proven and therefore it is immaterial, in determining the issue involved, that the method of effecting the transfer may have been used by petitioner for the purpose of avoiding taxes. Gould v. Gould, 245 U. S. 151; Weeks v. Sibley, 269 Fed. 155; Jemison et al., Trustees, 3 B. T. A. 780.
Petitioner contends that it had divested itself of both legal and oquitable title to the assets in question by the joint resolution of the directors and stockholders adopted May 3,1928, and the trust instrument executed and delivered by the corporation to the three trustees on July 5,1928, and that thereafter, when the conveyance from these trustees to the Kentucky Consolidated Stone Company was made, the corporation had no title to the assets conveyed, did not participate in the transfer, received nothing therefrom, no income resulted, and, a fortiori, no tax attached to the petitioner.
In Taylor Oil & Gas Co., 47 Fed. (2d) 108; certiorari denied, 283 U. S. 818, which affirms the Board’s decision in Taylor Oil & Gas Co., 15 B. T. A. 609, the same issue was raised upon substantially similar facts, and the court held the sale to have been made by the corporation and not the stockholders. In that case, after holding article 547, of Treasury Regulations 45, which is identical with article 548, of Regulations 69,[1] in effect during the year here involved, reasonable and effective, the court said:
It may be doubted that tbe contract of sale was merely executory. Except for executing the formal deed, there was nothing to be done. The price, the thing, and the effective time of delivery, December 15, 1919, had been agreed upon. But, if it was executory, it was still the contract of the company to be executed before there could be any liquidation of its affairs. Conceding for the purpose of argument that the legal title to the property vested in the trustees by the dissolution, no part of the title passed to the stockholders thereby. The real owner was still the company until such time as its affairs were liquidated, the debts paid, and the residue distributed to the stockholders. The profit on the transaction was earned by the corporation, and the assessment of the taxes based thereon was valid.
We believe the instant case presents a stronger situation for respondent than there before the court. Here, as distinguished from the Taylor case, petitioner corporation was entitled to possession and *994 control of the corporate assets until actual completion of the controverted conveyance. There was no change whatever in the beneficial ownership in the corporate property until the ultimate sale to the Kentucky Consolidated Company. The petitioner, was functioning as an active corporation until after the sale in issue. The agreement of July 5 between the corporation and the three trustees was not executed for upwards of two months after the authorizing resolution and not until the proposed sale to the Kentucky Consolidated Company was absolutely assured. This was evidenced by the fact that both the agreement mentioned and the deed from the trustees therein named to the Kentucky Consolidated Company were executed and delivered on the same day.
In Hellebush et al., Trustees, 24 B. T. A. 660, the Board followed the decision of the court and the Board in Taylor Oil & Gas Co., supra, holding that even though the prior conveyance in trúst was for the specific benefit of the stockholders, nevertheless, the stockholders were not entitled to anything until after the corporate debts were paid, and that, therefore, until the actual distribution to the stockholders of the balance after payment of the corporate debts, the trustees were acting for the corporation and not the stockholders.
On brief the taxpayer relies principally on the Jemison case, supra, and Snead v. Elmore, 59 Fed. (2d) 312, both of which are clearly distinguishable on tlreir facts from those giving rise to the present controversy. In the Jemison case, supra, the Board held not only that the taxpayer was nonexistent, except for winding up its business, when the controverted sale occurred, but that there had been an actual distribution of its assets in kind to the stockholders, who were entitled to possession of the same and who specifically assumed its obligations. In the Snead v. Elmore case, supra, there had been an actual and valid sale of the assets by the corporation to its stockholders in consideration of their assumption of the corporation’s liabilities and assignment of all its capital stock, before the dissolution and liquidation of the corporation. In the instant case, there was neither a sale by the corporation, nor a distribution of its assets in kind before the transfer to the Kentucky Consolidated Comp any,-since the stockholders assumed no corporate liabilities, did not assign their capital stock, and neither they nor their “ trustees ” were at any time entitled to possession ox the corporate property.
We therefore hold that the transaction here involved was a sale by the corporation, the profit on the transaction was earned by it, and the assessment of the taxes based thereon was valid.

Judgment will be entered for the respondent.

 A.UT. 548. Gross income of corporation in liquidation. — When a corporation is dissolved, its affairs are usually wound up hy a receiver or trustees in dissolution. The corporate existence is continued for the purpose of liquidating the assets and paying the debts, and such receiver or trustees stand in the stead of the corporation for such purposes. (See section 282 and articles 1293 and 1294.) Any sales of property by them are to be treated as if made by the corporation for the purpose of ascertaining the gain or loss. No gain or loss is realized by a corporation from the mere distribution of its assets in kind upon dissolution, however they may have appreciated or depreciated in value since their acquisition. (See further articles 622 and 1545.)