## UNITED STATES v. STEEL FURNI-TURE CO.

### No. 3535.

District Court, W. D. Michigan, S. D.
Dec. 7, 1932.

Fred C. Wetmore, U. S. Dist. Atty., of Grand Rapids, Mich., for the United States.

G. A. Wolf, of Grand Rapids, Mich., for defendant.

RAYMOND, District Judge.

This suit was commenced on May 11, 1932, by summons. Plaintiff seeks to recover the sum of $375.10 paid to defendant on September 27, 1929, for interest on overassessments for the years 1913, 1914, 1916, and 1919. The matter is before the court upon motion to dismiss, the only substantial ground for the motion being that the alleged cause of action did not accrue within the period of the statute of limitations fixed by 26 USCA § 2610, which reads as follows:

"(a) Any portion of an internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) refund of which is erroneously made, within the meaning of section 2608, after May 29, 1928, may be recovered by suit brought in the name of the United States, but only if such suit is begun within two years after the making of such refund.

"(b) Any portion of an internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) which has been erroneously refunded (if such refund would not be considered as erroneous under section 2608) may be recovered by suit brought in the name of the United States, but only if such suit is begun before the expiration of two years after the making of such refund or before May 1, 1928, whichever date is later. (May 29, 1928, 8:00 a. m., c. 852, § 610, 45 Stat. 875.)"

Michigan Court Rule No. 18, section 1, provides that defendant may file a motion to dismiss "where any of the said following defects do not appear upon the face of the declaration or bill of complaint * * * (f) That the cause of action did not accrue within the time limited by law for the commencement of an action or suit thereon."

Prior to the enactment of section 610 of the Revenue Act of 1928 (26 USCA § 2610), it was uniformly held that there was no limitation upon the United States for the commencement of a suit to recover money illegally paid out, for the reason that statutes of limitation do not run against the government. It was held that the government was not bound by any statute of limitation unless Congress had clearly manifested its intention to apply a specific limitation to the government. See United States v. Bartron (D. C.) 35 F.(2d) 765.

It is urged by plaintiff that section 2610 above quoted does not indicate an intention of Congress to apply the statute of limitations to that portion of the money paid by the government to taxpayers which represents

interest upon taxes refunded. Plaintiff contends that the amount which the United States now seeks to recover was never paid to the United States by the defendant, and that the amount here sought to be recovered was not refunded · and is therefore not within the meaning of the statute. Plaintiff concedes that the tax itself may not be recovered, but says that the interest on that tax is not a refund, and that the limitation should not apply.

It has long been the rule that revenue laws are to be construed strictly in favor of the taxpayer and against the taxing power. See Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211; Hecht v. Malley, 265 U. S. 144, 44 S. Ct. 462, 68 L. Ed. 949. The paramount rule in the construction of statutes is to give effect to the intention of Congress. The language of the statute is not entirely free from ambiguity. It seems to the court that the purpose of Congress was to set at rest all doubt which might otherwise exist as to the right of the government to recover either refunds or interest upon such refunds after a period of two years had elapsed after the making of such payment. To hold otherwise is to say that Congress intended to authorize the recovery of comparatively trivial amounts and the harassing of the taxpayer therefor many years after the payment. The purpose of Congress to set at rest questions regarding such refunds and the interest thereon after the period provided by statute seems to the court to be clear.

It is true that the interest paid by the government did not constitute the repayment of money actually received from the taxpayer. It is equally true, however, that, when the taxpayer paid the several sums in 1913, 1914, 1916, and 1919, it lost the use of the amounts so paid for a considerable number of years, and that plaintiff had the benefit of such use. In other words, the payment of interest was a refunding of actual loss to the taxpayer.

An order will accordingly be entered granting the motion to dismiss.