The **PARKER PEN COMPANY,**
Plaintiff-Appellant,

v.

Joseph J. O'DAY, Executor of the Estate
of Frank J. Kuhl, Former Collector of
Internal Revenue; George Reisimer,
Former Acting Collector of Internal
Revenue; and Oscar M. Jonas, Collec-
tor of Internal Revenue, Defendants-
Appellees.

No. 11586.

United States Court of Appeals
Seventh Circuit.

June 19, 1956.

James J. Costello, Jr., K. Raymond Clark, Chicago, Ill., for plaintiff-appellant.

Charles K. Rice, Asst. Atty. Gen., Harry Marselli, Atty., Tax Division, U. S. Dept. of Justice, Washington, D. C., Edward G. Minor, U. S. Atty., Milwaukee, Wis., Lee A. Jackson, I. Henry Kutz, George F. Lynch, Attys., Dept. of Justice, Washington, D. C., for appellees.

Before LINDLEY, SWAIM and SCHNACKENBERG, Circuit Judges.

SWAIM, Circuit Judge.

The appellant, taxpayer, is a corporation with its principal place of business in Janesville, Wisconsin. The Commissioner of Internal Revenue assessed a tax deficiency against appellant for the fiscal year ending February 1943 on grounds which included the partial disallowance of a deduction for contributions to a pension trust and to a profit-sharing trust. The appellant paid the deficiency assessment and taxes for the next year on the same basis. Appellant then filed its claim for a refund of $75,000 with the Commissioner of Internal Revenue. After its claim was denied plaintiff-appellant filed this action in the District Court.

Section 23(p) of the Internal Revenue Code of 1939 permitted the deduction from gross income of "contributions of an employer to an employees' trust or annuity plan * * *." 26 U.S.C.A. § 23(p). Section 23(p) (1) (A) (i) allowed the deduction of contributions to a pension trust, but not in excess of 5 per cent "of the compensation otherwise paid or accrued during the taxable year to all the employees under the trust." Section 23(p) (1) (C) allowed the deduction of an employer's contributions to a stock bonus or profit-sharing trust, but not in excess of 15 per cent of the total compensation of all employees under the trust.

Section 23(p) (1) (F) provided that when an employer has both a pension trust and a profit-sharing trust, with at least some employees sharing in both, and deducts payments to both of them under the two sections outlined above, the total amount deductible shall not exceed 25 per cent of the compensation paid the employees who are the beneficiaries of either one or both of the plans.

The appellant makes some payments that are deductible under Section 23(p) (1) (A) and other payments that are deductible under Section 23(p) (1) (C). If the 5 per cent and 15 per cent limitations contained in these sections, respectively, are applied, the appellant will be able to deduct $27,418 less than it would if only the 25 per cent overall limitation in Section 23(p) (1) (F) is applied. The appellant claims that when the employer contributes to both a pension and a profit-sharing fund so that Section 23(p) (1) (F) applies, only the 25 per cent limitation in that section is applicable. In other words, contributions to both funds should be lumped together and the total amount deducted as long as it was not over 25 per cent of the yearly compensation of all the employees under the plans. The Government argues that the individual limitations of 5 and 15 per cent still apply to their appropriate contributions, and that the 25 per cent in subparagraph (F) is a *further* limitation on the total of the two. (It would be very possible, without subparagraph (F), for the total amounts deductible under subparagraphs (A) and (B) to be over 25 per cent because Section 23(p) (1) (A) (ii) provides that the employer may also deduct "any excess over the amount allowable under clause (i) [5 per cent] necessary to provide with respect to all of the employees under the trust the remaining unfunded cost of their past and current service credits distributed as a level amount, or a level percentage of compensation, over the remaining future service of each such employee * * *." 26 U.S.C.A. § 23(p) (1) (A) (ii).)

All the facts have been stipulated, and the entire case has been reduced to one clear cut question of law: does Section 23(p) (1) (F) of the Internal Revenue Code of 1939 apply as a further limitation on Sections 23(p) (1) (A) and (C), or does it constitute the *only* limitation on the amount deductible when an employer contributes to both a pension and a profit-sharing trust? The District Court held for the Government: that subparagraph (F) was a further limitation upon subparagraphs (A) and (C). We have found no other decision upon this question.

■■ The appellant begins its argument with the proposition that "when the intent or meaning of a tax statute is doubtful, it is construed most strongly against the Government and in favor of the taxpayer," and cites Gould v. Gould, 245 U.S. 151, 38 S.Ct. 53, 62 L.Ed. 211. The Gould case, in common with the others cited, involves the interpretation of a section that imposes the tax. The Court held that:

"In the interpretation of statutes *levying taxes* it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operation so as to embrace matters not specifically pointed out. In case of doubt they are construed *most strongly against the* Government and in favor of the citizen." 245 U.S. at page 153, 38 S.Ct. at page 53. (Our emphasis.)

But this long established rule of construction does not help the appellant here where we are dealing with a statute allowing a deduction to the taxpayer. It is an equally familiar rule of tax law that statutes creating deductions are to be strictly construed against the taxpayer. Helvering v. Inter-Mountain Life Insurance Co., 294 U.S. 686, 55 S.Ct. 572, 79 L.Ed. 1227; Portland Gasoline Co. v. Commissioner, 5 Cir., 181 F.2d 538.

■ In interpreting an act of the Congress we are trying only to determine what the Congress intended. It is usually helpful to consider the purpose of the act and its legislative history. The appellant argues that the legislative history of Section 23(p) indicates that its interpretation of the effect of subparagraph (F) is correct. In support of this argument the appellant refers to the Senate Finance Committee Report and the Conference Committee Report on the bill that became the Revenue Act of 1942, 56 Stat. 798, 863–865. These reports merely repeat the language of the statute. For example, the appellant quotes from Senate Report No. 1631, 77th Cong. 2d Sess., p. 140, discussing Section 23(p) (1) (F):

"If an employer has a pension trust plan or an annuity plan and in addition a profit-sharing or stock-bonus plan then, unless no employee is a beneficiary under more than one trust, or a trust and an annuity plan, the total amount deductible in a taxable year under such trust and plans shall not exceed 25 per cent of the compensation otherwise paid or accrued during the taxable year to the employee beneficiaries. Provision is made, subject to certain limitations, to carry over for the purpose of deduction in succeeding taxable years amounts contributed in any year in excess of 25 per cent of such compensation."

This statement is certainly not decisive of the Congressional intent on the question before us.

■ A principal argument in favor of the Government's view of the effect of Section 23(p) (1) (F) involves the Treasury Regulations interpreting that section. The regulation in effect in 1943 and 1944, the tax years in question, is no more help in solving our problem than is the section itself because they are drafted in virtually the same terms. But by 1948 the problem we now face was apparently anticipated because T. D. 5666, 1948–2 Cum.Bull. 34, amended the regulation referring to Section 23(p).

**610**

Treasury Regulation III, § 29.23, now reads:

"* * *

"In case deductions are allowable under section 23(p) (1) (C) as well as under section 23 (p) (1) (A) or (B), the limitations under section 23 (p) (1) (A) and (C) are determined and applied without giving effect to the provisions of section 23(p) (1) (F) *but the amounts allowable as deductions are subject to the further limitations provided in section 23(p) (1) (F)."* (Our emphasis.)

Of course, this regulation could not be decisive of the appellant's case because it was not in force during the tax years in question. But as the present regulation in force, it is very persuasive as to the correct interpretation of the section. This is all the more true because Section 404 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 404, re-enacts Section 23(p) (1) (F) substantially without change. We therefore think that we are justified in assuming that if Congress had not agreed with the 1948 interpretation it would have so changed and clarified the new Code as to indicate that the section should not be so interpreted.

■ The language of Section 23(p) (1) (F) supports the contention of the defendants that it is intended to act as a further limitation upon subparagraphs (A) and (C). Subparagraph (F) begins by saying that *"If amounts are deductible under subparagraphs (A) and (C),* or (B) and (C), or (A), (B), and (C) * * the total amount deductible in a taxable year under such trusts and plans shall not exceed 25 per centum of the compensation otherwise paid or accrued during the taxable year * * *."* (Emphasis added.) Amounts are not deductible under subparagraphs (A) and (C) unless they come within the maximum limitations set by those subpara-graphs. Thus, the first sentence of Section 23(p) (1) (F) assumes that the limitations in subparagraphs (A) and (C) have already been applied. Subparagraph (F) is a further limitation upon the total deduction under Section 23(p) when payments to a pension plan and a profit-sharing plan, which are both shared in by at least one employee, are deducted.

The wording of the second to the last sentence in subparagraph (F) also indicates to us that Congress assumed it was creating a further limitation upon the limitations in subparagraphs (A), (B) and (C). That sentence reads as follows.

"This subparagraph shall not have the effect of reducing the amount otherwise deductible under subparagraphs (A), (B), and (C), if no employee is a beneficiary under more than one trust, or a trust and an annuity plan." 26 U.S.C.A. § 23(p) (1) (F).

If Congress had intended that subparagraph (F) be the sole limitation when payments were made to a pension *and* a profit-sharing plan, it would not have spoken of subparagraph (F) as "reducing the amount otherwise deductible." It would simply have said that subparagraph (F) would not apply if no employee was a beneficiary under more than one trust.

Having decided that the 25 per cent limitation in subparagraph (F) is a further limitation upon the maximums set in subparagraphs (A) and (C), it follows that the 30 per cent limitation on carry-over deductions in subparagraph (F) is also a further limitation upon the maximum carry-over deductions allowed under subparagraphs (A) and (C).

The judgment of the District Court was correct, and it is

Affirmed.