(C. D. 1950)

J. GOLDENBERG
HUDSON SHIPPING Co., INC. } v. UNITED STATES

United States Customs Court, Third Division

(Decided December 24, 1957)

*Brooks & Brooks* (*Thomas J. McKenna* of counsel) for the plaintiffs.
*George Cochran Doub*, Assistant Attorney General (*Dorothy C. Bennett* and *Murray Sklaroff*, trial attorneys), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges

DONLON, Judge: These protests challenge the legality of additional duty imposed, under section 489 of the Tariff Act of 1930, by the collector on liquidation of certain merchandise which had theretofore been abandoned with the collector's consent. Additional duty only was assessed on the abandoned merchandise. Regular duty was not assessed on that merchandise.

We had before us previously a motion of defendant to dismiss these protests, on the ground that protest is not a remedy available to these plaintiffs. We denied that motion, holding that protest is the remedy appropriate for contesting the legality, in liquidation, of additional duty imposed under section 489. *J. Goldenberg et al.* v. *United States*, 36 Cust. Ct. 172, C. D. 1771.

Certain facts have now been stipulated, the official papers have been put into evidence, the protests have been consolidated for trial, and the consolidated protests have been submitted.

Application for consent to abandon the major part (but not all) of the entered merchandise, was timely filed with the collector, pursuant to section 563 (b) of the Tariff Act of 1930. On May 6, 1952, the collector granted consent to the abandonment. The official papers show that abandonment occurred prior to the collector's liquidation.

Two matters not directly pertinent to our decision may be noted. The first is that section 489 has been repealed by Congress, effective September 7, 1953, T. D. 53318. Repealer was antecedent to one of the two protested liquidations, but it was subsequent to the other liquidation. It was, however, subsequent to the entries and also subsequent to the collector's consent to abandon. Counsel do not present any argument with relation to the repeal of section 489.

The other item to be mentioned, in passing, is that there is before the court a petition of these plaintiffs, praying for the remission of the section 489 additional duties here protested. (No. 6992–R.) On request of the parties, the division before which such petition is pending has continued the remission proceeding. If we should decide these protests for plaintiffs, it is stating the obvious to say that their petition for remission would be nugatory.

Defendant's brief cites no judicial authorities. In their brief, plaintiffs cite only one decision. That case is not on all fours with the case before us, and it was considered in our decision on defendant's motion to dismiss. The lack of precedents turned up by counsel, and by our research, confirms our view, stated in *idem*, 36 Cust. Ct. 172, C. D. 1771, that the question before us is one of novel impression.

It is not necessary to repeat here what was stated in our earlier opinion. There, a majority of the division found it relevant to decision on the motion to dismiss, both that protest is the appropriate remedy for a challenge of the illegality of section 489 duties imposed on liquidation and that, on such facts as were deemed to be conceded for purposes of the motion to dismiss, there was a *prima facie* showing of illegality, at least sufficient to support denial of the motion.

The facts now before us are essentially those that appeared in the papers before us on the motion to dismiss. On the facts stipulated and those of record in the official papers, we find that the collector's imposition of additional duty on these abandoned goods was unlawful.

Defendant's argument appears to be, chiefly, that section 489 duty is assessable by operation of law and as a function of appraisement, not as a function of liquidation, and that (the issue already decided) protest against section 489 duty as illegal is, therefore, not a protest against a decision of a collector, within the sense of section 514.

Whether or not section 489 duties might have been assessed by the appraiser, we are not called upon to decide. We are cited no authority in support of so unusual a view. Be that as it may, the protested duties were, in fact, assessed by the collector in the course of liquidation and as a part of his decisions taken in the act of liquidating the entries. The protests challenge the collector's liquidation. They do not challenge the appraiser's appraisement.

Whether or not Congress has imposed duty on this merchandise, is to be determined from the statute. The imposition of taxes will not be inferred. Whenever there is doubt, that doubt is to be resolved against the Government and in favor of the taxpayer. The rule was well stated in *Gould* v. *Gould*, 245 U. S. 151, at page 153, as follows:

In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the Government, and in favor of the citizen. [Citing cases.]

This is not such a case as requires us to invoke the rule in the *Gould* case. The statute we are called upon to construe has a provision applicable to the situation before us, a provision free from doubt as to whether Congress intended imposition of the protested duty.

Section 489 contains the following provision:

* * * Such additional duty * * * shall not be imposed upon any article upon which the amount of duty imposed by law on account of the final appraised value does not exceed the amount of duty that would be imposed if the final appraised value did not exceed the entered value, * * *.

This is a restrictive provision. It is a "shall not be imposed" provision.

Is the abandoned merchandise of these protests, merchandise within the purview of the above noted restriction? In our opinion, it is.

The liquidation sheets, in both of the protests, show that certain merchandise was not abandoned. On that merchandise, the collector, in his liquidation, imposed both regular and additional duties. However, as to the merchandise that had been abandoned, the liquidation sheets show that no regular duty, but only additional duty, was imposed in liquidation of the abandoned merchandise.

We do not infer that the collector, in liquidating the abandoned merchandise free of regular duty, acted unlawfully, or in any arbitrary or capricious manner.

It appears, then, that the amount of regular duty imposed at law on the abandoned merchandise was zero. Applying the restrictive language of section 489, it is clear that zero does not exceed the "amount of duty that would be imposed if the final appraised value did not exceed the entered value." Congress has said that additional duty, in such a case, "shall not be imposed."

The protests are sustained. Judgment will be entered for plaintiffs.