**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

RICHARD CLARKE RANDALL,

        Petitioner - Appellant,

    v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent - Appellee.

No. 07-9004

(U.S. Tax Court)

(Tax Ct. No. 24208-05)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]
_____

Richard Randall, proceeding pro se, appeals the United States Tax Court's

determination that he had a $14,643 deficiency in his 2003 federal income tax return that

justified a $2,929 accuracy-related penalty under Internal Revenue Code § 6662(a).

I. BACKGROUND

During 2003, Mr. Randall received $32,225 from National Quality Assurance

---

[*] This order and judgment is not binding precedent except under the doctrines of the law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

USA, Inc., $20,517 from Labtest International, Inc., $2,250 from Due.com, Inc., and $44 from Firstbank of Arapahoe County. On his income tax return (Form 1040EZ) for the 2003 taxable year, however, he reported only the $44 in interest income from Firstbank of Arapahoe County, even though he attached the Forms 1099 from the above four payors. After review, the IRS sent Mr. Randall a letter indicating that the income on his Form 1040EZ did not match income that others had reported paying to him.

Mr. Randall then filed an amended tax return (Form 1040X) reporting an additional $457 in interest income received from the Southern Company Services, Inc., but not the nonemployee compensation and taxable dividends received from National Quality Assurance USA, Inc., Labtest International, Inc., or Due.com, Inc. He once again attached the Forms 1099 received from two of the payors (National Quality Assurance USA, Inc., and Labtest International, Inc.), but this time he crossed out the amounts reported as paid to him as nonemployee compensation and handwrote "-0-" above the stricken numbers. At the bottom the page he added the following statement:

> This corrected form 1099-MISC is submitted to rebut a document known to have been submitted by the party identified above as "PAYER" which erroneously alleges a payment to the party identified above as the "RECIPIENT" of "gains, profit or income" made in the course of a "trade business."

Rec. Doc. 11, at 2.

The IRS issued Mr. Randall a notice of deficiency with respect to the unreported income items, and Mr. Randall filed a petition in the Tax Court seeking a redetermination of the deficiency. In the petition, he stipulated to his receipt of $32,225 from National

2

Quality Assurance USA, Inc., $20,517 from Labtest International, Inc., $2,250 from Due.com, Inc., and $44 from Firstbank of Arapahoe County, as well as $242 he received from the Southern Company Services, Inc.

The Tax Court called the case for trial on September 11, 2006. The parties submitted a stipulation of facts with exhibits, but Mr. Randall did not testify or call any witnesses. Nor did Mr. Randall offer any theory for why the payments did not constitute taxable income. The Tax Court found that the receipts were a part of his gross income, and determined Mr. Randall was liable for a deficiency and for an accuracy-related penalty. This appeal followed.

## II. DISCUSSION

Mr. Randall challenges the Tax Court's deficiency ruling on four bases. First, he contends that the Secretary was not empowered to calculate the deficiency as he or she did, noting that the Secretary was unauthorized to make assessments on any amounts other than "the amount shown as the tax by the taxpayer upon his return." I.R.C. § 6211(a) (defining deficiency). Second, he appears to maintain that the challenged income was subject only to a "direct" tax, and not an "indirect" income tax. Because he received compensation "in exchange for service by a natural, private person" the compensation was, according to Mr. Randall, not subject to income tax. Aplt's Br. at 12. Third, he argues that the Tax Court did not adequately consider his purported affidavit in which he averred that the gains were not taxable income. Fourth, Mr. Randall argues

3

that the Tax Court must construe the evidence in favor of the taxpayer and against the Government.  Mr. Randall also challenges the Tax Court's levy of an accuracy-related penalty.  We reject all of Mr. Randall's arguments.

A. Standard of review

"We review Tax Court decisions 'in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury.'"  *Olpin v. Comm'r*, 270 F.3d 1297, 1298 (10th Cir. 2001) (quoting I.R.C. § 7482(a)(1)).  We review the Tax Court's factual findings for clear error and its legal conclusions are reviewed de novo.  *Anderson v. Comm'r*, 62 F.3d 1266, 1270 (10th Cir. 1995).  Whether the Tax Court correctly determined that the receipts were taxable income, based on stipulated facts, is reviewed de novo.  *See id.*

B. Analysis

Section 61(a) defines "gross income" to include "all income from whatever source derived."  I.R.C. § 61(a).  Mr. Randall makes no argument that his income is subject to an exemption.  His four above-listed arguments are without merit.

First, in making its determination, the IRS must assess "the entire amount redetermined as the deficiency by the decision of the Tax Court," and thus the Secretary is not limited to Mr. Randall's representations.  I.R.C. § 6215.  Second, Mr. Randall's argument regarding a so-called "direct tax" is without support in the law.  As the Commissioner notes, "Congress has the power to impose taxes generally, and if the particular imposition does not run afoul of any constitutional restrictions then the tax is

4

lawful, call it what you will." *Penn. Mut. Indem. Co. v. Comm'r*, 277 F.2d 16, 20 (3d Cir. 1960). Third, the Tax Court considered Mr. Randall's "affidavit," but gave it deservedly little weight, because it merely restated Mr. Randall's conclusion that his gains are not income because he says they are not. Fourth, Mr. Randall's challenge as to how the Tax Court should construe the evidence is misstated. The rule that ambiguous tax statutes are construed in favor of the taxpayer, *Gould v. Gould*, 245 U.S. 151 (1917), is not applicable when, as here, the taxpayer claims gains are not taxable income. Here, the question concerns the intended method of computation of gains under the statute, not the scope or application of an ambiguous statute.

Finally, we hold that the Tax Court correctly determined that Mr. Randall was liable for the accuracy-related penalty. The Internal Revenue Code imposes a twenty-percent penalty on any underpayment of tax attributable to the taxpayer's "[n]egligence or disregard of rules and regulations," including "any failure to make a reasonable attempt to comply with" the Internal Revenue Code or any "careless, reckless, or intentional disregard" of the rules and regulations. I.R.C. § 6662(b)(1), (c). A substantial understatement of tax liability occurs if the amount of the understatement exceeds ten percent of the tax owed or $5,000. I.R.C. § 6662(d)(1)(A).

Here, the deficiency was both greater than $5,000 and greater than ten percent of the amount required to be shown on the return. We agree that Mr. Randall made no "reasonable attempt to comply with the provisions of the Internal Revenue Code." Rec. doc. 11, at 6.

5

## III. CONCLUSION

We AFFIRM the Tax Court's judgment.


Entered for the Court,



Robert H. Henry
United States Circuit Judge