## FLANNERY BOLT CO. v. COMMISSIONER OF INTERNAL REVENUE.

## J. ROGERS FLANNERY & CO. v. SAME.
## VANADIUM METALS CO. v. SAME.

### Nos. 4611–4613.

Circuit Court of Appeals, Third Circuit.

Dec. 17, 1931.

Kenneth N. Parkinson and David A. Pine, both of Washington, D. C. (J. Rogers Flannery, of Pittsburgh, Pa., of counsel), for petitioners.

G. A. Youngquist, Asst. Atty. Gen., and Norman D. Keller and J. Louis Monarch, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and J. K. Polk and Percy S. Crewe, Sp. Attys., Bureau of Internal Revenue, all of Washington D. C., of counsel), for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

These cases were heretofore considered by this court in 42 F.(2d) 11, 15, certiorari denied, 282 U. S. 889, 51 S. Ct. 102, 75 L. Ed. 784. We there upheld the right of the affiliated companies to make a consolidated return and directed that "the decree of the tax board must be vacated, and the companies allowed to make a consolidated return of net income and invested capital."

By statute it is provided: "(b) In any case in which a tax is assessed upon the basis of a consolidated return, the total tax shall be computed in the first instance as a unit and shall then be assessed upon the respective affiliated corporations *in such proportions as may be agreed upon among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each.*" 26 USCA § 993(b).

In pursuance of this statutory right, the affiliated companies having by writing agreed among themselves on the fair proportions each company should pay, it is the duty of the taxing authorities to so assess and to adjust the taxes of the several companies and fix their liability on the basis of such proportioning agreement.

Having failed to follow the statute, the Tax Board's order is reversed, and the case remanded, with directions to assess the taxes in question on the affiliated companies in such proportions as they have agreed upon. And in order that there be no uncertainty as to the duty of that body in the present instance, we add that this course, in so far as not already done, shall be followed:

(1) The computation and determination of the total tax for the group on this consolidated basis,

(2) The determination of the amount which should have been assessed,

(3) The determination of this amount first as a unit for the entire group,

(4) The determination of the tax against the principal reporting corporation according to the agreements of the affiliated corporations, and

(5) The resultant finding of overpayment of tax to such principal reporting corporations, being the petitioners herein, for the years applicable thereto under such agreements, upon a finding that the total tax paid exceeds the amount which should have been assessed, as to which there is no dispute.