## COMMISSIONER OF INTERNAL REVENUE v. SAMUEL BELL & SONS (three cases).

### SAME v. MOORE BREAD CO.
#### Nos. 5056–5059.

Circuit Court of Appeals, Third Circuit.
Sept. 20, 1933.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and John H. McEvers, Sp. Assts. to Atty. Gen., and John MacC. Hudson, of Washington, D. C. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Chester A. Gwinn, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for petitioner.

Wm. Barclay Lex (of Hepburn & Norris), of Philadelphia, Pa., for respondents.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

The Commissioner of Internal Revenue contends that the Board of Tax Appeals erred in determining that the respondent Samuel Bell & Sons was affiliated with six other corporations during the years, 1924, 1926, and 1927, within the meaning of section 240 (c) of the Revenue Acts of 1924 and 1926 (26 USCA § 993 and note) which provides in part: "For the purpose of this section two or more domestic corporations shall be deemed to be affiliated * * * if at least 95 per centum of the voting stock of two or more corporations is owned by the same interests."

During the taxable years involved Samuel Bell & Sons and six other corporations were engaged in related businesses under a common management. The percentage of the stock in the several corporations was held as follows:

"None of the shares of the Capital stock of this Corporation shall be sold or transferred on its books until the holder shall have given ninety days written notice to all stockholders of an intention so to do; and within said period said stockholders or any less number, pro rata, or any one of them in the order named, shall have the option to buy such shares at their value as shown by the books of the corporation at the last closing thereof preceding the day of such notice with interest thereon at the rate of Five per cent. per annum from the date of said closing to payment therefor, and the remaining stockholders in the manner aforesaid shall have the option to buy within ninety days all the stock standing on the books of the Corporation in the name of any person, who shall die or cease to be an officer, director or employee of the Corporation at the last closing thereof preceding such decease or the ending of the relation of officer, director or employee, with interest as aforesaid."

The Board found that all of the stock owned by employees was purchased and held on the conditions set out in the indorsement, and that the stock of all employees who resigned or were discharged was repurchased on those conditions; that stockholding employees had the same status as nonstockholding employees, and both classes were employed on a weekly basis; that employees who held stock did not attend stockholders' meetings nor exercise their right to vote nor execute proxies; that the stock was sold to the employees as a profit-sharing idea.

From the above facts the Board found that

| Stockholders | Samuel Bell & Sons | Quaker City Flour Mills | Acheson Bread Company | Moore Bread Company | Commercial Garage Co. | Woodbury Realty Company | Buffalo Milling Company |
|---|---|---|---|---|---|---|---|
| | Per cent. of stock owned | Per cent. stock owned | Per cent. stock owned | Per cent. stock owned | Per cent. stock owned | Per cent. stock owned | |
| Samuel Bell jr. | 40.00 | 42.27 | 45.00 | 45.00 | 50.00 | 49.78 | Entire stock owned |
| Samuel Bell jr. trustee | ..... | 6.47 | 8.00 | 9.00 | ..... | ..... | by the Quaker City |
| C. H. Bell | 21.00 | 23.63 | 22.50 | 22.48 | 25.00 | 11.11 | Flour Mills. |
| James F. Bell | 21.00 | 21.97 | 22.50 | 22.52 | 25.00 | 38.89 | |
| Employees | 18.00 | 5.66 | 2.00 | 1.00 | ..... | .22 | |
| Total | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | |

It will be observed that the greater part of the stock of all the companies, except that of the Buffalo Milling Company, is owned by three members of the Bell family.

The stock owned by employees in Samuel Bell & Sons and the Quaker City Flour Mills Company bears the following indorsement:

the seven corporations were affiliated in the years 1924, 1926, and 1927.

The government contends that the same interests did not own 95 per centum of the voting stock of the seven companies, and so they were not affiliated. In other words, it argues that these particular employees of

Samuel Bell & Sons who owned 18 per centum of its stock and no stock in the other companies were not the same interests that owned the remainder of the stock.

It is clear that the Board's decision in this case cannot be sustained since the Supreme Court decided Handy & Harman v. Burnet, 284 U. S. 136, 52 S. Ct. 51, 76 L. Ed. 207. Since that opinion the Board has reversed itself on the question involved here. Modern Tailoring Company v. Commissioner, 25 B. T. A. 489; Columbia Tire Company v. Commissioner, 26 B. T. A. 424. In Handy & Harman v. Burnett, supra, at page 141 of 284 U. S., 52 S. Ct. 51, 52, the Supreme Court stated that affiliation will not result "unless the same interests are the beneficial owners in like proportions of substantially all of the stock of each of such corporations."

The court said further: "Affiliation on any other basis would not make against inequality or evasion. It would require very plain language to show that Congress intended to permit consolidated returns to depend on a basis so indefinite and uncertain as control of stock without title, beneficial ownership or legal means to enforce it. Control resting solely on acquiescence, the exigencies of business or other considerations having no binding force is not sufficient to satisfy the statute."

It is obvious that the same interests were not the owners of 95 per centum of the stock of the group claiming affiliation. The statute requires "title, beneficial ownership or legal means to enforce it" in substantially the same proportions of the stock of the several corporations. The Bell interests may have represented the same interests within themselves, although there is a question whether or not they were the owners of the stock in like proportions. But the employees who held stock in Samuel Bell & Sons and the members of the Bell family could not be identified as the same interests. The employees were the owners of their own stock. The condition on which they purchased the stock, the fact that they were quiescent and did not take part in the affairs of the corporation did not change their position. They cannot be brought within the requirement of section 240 (c) and the regulations. Treasury Regulations 65 and 69, art. 633; Burnet v. J. Rogers Flannery & Co., 286 U. S. 524, 52 S. Ct. 497, 76 L. Ed. 1268, reversing 54 F.(2d) 365 (C. C. A. 3); Columbia Tire Company v. Commissioner, 26 B. T. A. 424.

It is true Handy & Harman v. Burnet, supra, was decided under section 240 (b) of the Revenue Act of 1918 (40 Stat. 1081), which provides that corporations shall be deemed to be affiliated "if substantially all the stock of two or more corporations is owned or controlled by the same interests." But the statute involved in this case, section 240 (c) of the Revenue Acts of 1924 and 1926, will not permit another rule so far as the meaning of "same interests" is concerned. Pokorny Realty Co. v. United States (Ct. Cl.) 59 F.(2d) 236; Modern Tailoring Company v. Commissioner, 25 B. T. A. 489.

The Board of Tax Appeals erred in finding that the corporations were affiliated, and so its order of redetermination is reversed.