## CROSSETT WESTERN CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 5167.

Circuit Court of Appeals, Third Circuit.
Aug. 28, 1934.

Rehearing Denied Dec. 3, 1934.

Llewellyn A. Luce and John B. Milliken, both of Washington, D. C., and Robert T. Jacob, of Portland, Or., for petitioner.

John H. McEvers and Sewall Key, Sp. Assts. to Atty. Gen., for respondent.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This petition involves the liability of the Crossett Western Company, the petitioner, for deficiencies assessed by the Commissioner in income taxes for the years 1924 and 1929. The Board of Tax Appeals approved the deficiency assessments. 27 B. T. A. 258.

From 1924 to 1930, the petitioner carried on extensive operations in lumber and allied businesses in the states of Oregon and Washington. Another corporation, the Gates Creek Logging Company, hereinafter called the Gates Company, was engaged in logging

timberlands in Oregon. The Gates Company was managed, and was considered, as a unit of the petitioner. The meetings of the stockholders and directors of the two companies were held together; the management of the companies was the same; supplies were purchased at wholesale prices which were prorated; employees and equipment were interchanged frequently. In January, 1924, a uniform cost accounting and bookkeeping system was installed for the petitioner and the Gates Company.

At the end of 1924, members of several families, the Crossett, Watzek, and Gates, were the dominating influence in the two companies. Six members of the Crossett family owned approximately 57 per centum of the petitioner's stock, 10 members of the Watzek family owned 27 per centum, 8 members of the Gates family owned 11 per centum, and 3 of the employees owned 3 per centum; the petitioner owned approximately 73 per centum of the stock of the Gates Company, 2 members of the Crossett family owned 2 per centum, 5 members of the Watzek family owned 4 per centum, 1 member of the Gates family owned 2 per centum, and 8 of the employees owned 17 per centum. The employees who owned stock took no part in the management of the companies and their stock was voted by proxy.

The holdings of the Gates Company stock changed so that in 1925, the petitioner owned approximately 80 per centum and 9 of its stockholders owned 17 per centum; and in 1926, the petitioner owned approximately 83 per centum and 8 of its stockholders owned 14 per centum.

On November 15, 1928, the petitioner had acquired 97.966 per centum of the Gates Company stock.

The Gates Company was operated with losses during the period from 1924 to 1929. For those years the petitioner and the Gates Company filed consolidated income tax returns on the ground that they were affiliated and also requested the Commissioner to consolidate the accounts of the two companies. The Commissioner determined that the companies became affiliated first on November 15, 1928, and were not entitled to file consolidated returns until that time, and that the period from January 1, 1928, to the date of affiliation was one "taxable year," and the period from November 15, 1928, to the end of the year another "taxable year" for which a separate return must be filed under section 48 of the Revenue Act of 1928 (26 USCA § 2048); and finally that the petitioner was not entitled to consolidate the accounts of the companies in 1924 under section 240 (d) of the Revenue Act of 1924 (26 USCA § 993 note).

The petitioner and the Gates Company were not affiliated prior to November 15, 1928, under section 240 (c) of the Revenue Act of 1924 (26 USCA § 993 note) and 1926 (26 USCA § 993 (c) and section 142 (c) of the Act of 1928 (26 USCA § 2142 (c). These sections in the various acts are identical and provide that: "For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns at least 95 per centum of the voting stock of the other or others, or (2) if at least 95 per centum of the voting stock of two or more corporations is owned by the same interests." They require for affiliation that one corporation own at least 95 per centum of the voting stock of the other, or that the same interests shall own not only 95 per centum of the voting stock of the other, but shall own in substantially the *same proportions* at least 95 per centum of the stock of the two companies. This is clear from our decision in Commissioner v. Samuel Bell & Sons, 67 F.(2d) 175, and from the decision of the Supreme Court in Handy & Harmon v. Burnet, 284 U. S. 136, 140, 52 S. Ct. 51, 76 L. Ed. 207.

Likewise, the Commissioner was not required to consolidate the accounts of the two companies at the request of the petitioner. Section 240 (d) of the Act of 1924 (26 USCA § 993 note) permits the Commissioner to do so "if necessary in order to make an accurate distribution or apportionment of gains, profits, income, deductions, or capital between or among" related businesses owned or controlled directly or indirectly by the same interests. The Commissioner determined that consolidation of the accounts was not necessary, and we are unable to say from the general nature of the facts found in the record that his determination was arbitrary.

As to the third question involved in this case, whether or not the filing of two returns in 1928 constituted two taxable years and precludes allowance in 1929 of deductions for losses suffered in previous years, we think the construction of the Commissioner and the Board of Tax Appeals of sections 48 and 117 of the Revenue Act of 1928 (26 USCA §§ 2048 and 2117), and of Article 733 of Treasury Regulations 74, is untenable.

Article 733 provides that where corporations are not affiliated at the beginning of the taxable year, but through change of stock

ownership (as in the instant case) during the year become affiliated, "each corporation should make a separate return from the beginning of the taxable period to the date of the change in stock ownership, and a consolidated return should be made by the corporation from the date of the change of stock ownership to the end of the taxable year, including therein the income of both corporations for such period."

Under that provision both corporations had to make separate returns for 1928 from January 1, 1928, to November 15, 1928, and a consolidated return from and including November 16, 1928, to December 31, 1928.

Section 117 (b) of the Act of 1928, 26 USCA § 2117 (b), provides: "Net Loss as a Deduction. If, for any taxable year, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called 'second year'), and if such net loss is in excess of such net income (computed without such deduction), the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year (hereinafter in this section called 'third year'); the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary."

The losses suffered by the two corporations in 1927 should have been allowed under this section unless the two returns filed for 1928 constituted two "taxable years," and we do not think they did.

Section 48 (a) of the act (26 USCA § 2048 (a) provides: " 'Taxable year' means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under this Part. 'Taxable year' includes, in the case of a return made for a fractional part of a year under the provisions of this title or under regulations prescribed by the Commissioner with the approval of the Secretary, the period for which such return is made. The first taxable year, to be called the taxable year 1928, shall be the calendar year 1928 or any fiscal year ending during the calendar year 1928."

The "taxable year" in question was the "calendar year" for 1928, and the calendar year "includes" the fractional part of the "taxable year" for which the return was made, but the "fractional part" is not the whole taxable year; it is simply included in the "taxable year."

To hold the petitioner to the government's abstraction would work an unusual hardship which is not the object of legislation unless specifically pointed out. The doubt cast upon the government's construction is sufficient in itself to resolve the question in favor of the petitioner. Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211. The losses sustained in previous years should have been allowed in 1929.

The order of redetermination of the Board of Tax Appeals is modified, in accordance with this opinion.