## PELICAN ICE CO., Limited, et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7495.

Circuit Court of Appeals, Fifth Circuit.

March 23, 1935.

Edwin T. Merrick, Ralph J. Schwarz, and Morris B. Redmann, all of New Orleans, La., for petitioners.

Frank J. Wideman, Asst. Atty. Gen., Jos. M. Jones, Sewall Key, and Norman D. Keller, Sp. Assts. to Atty. Gen., and Robert H. Jackson, Asst. Gen. Counsel, Bureau of Internal Revenue, and John H. Pigg, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

In income tax returns for the years 1926 and 1927, the Commissioner and the Board of Tax Appeals refused to recognize affiliation between Pelican Ice Company and Pelican Cold Storage & Warehousing Company, thereby increasing the former's tax. During these years one Behre was president of both corporations and practically controlled them. He, his wife, and five children owned all of the stock of Pelican Ice Company, while he and Pelican Ice Company owned a little less than 91 per cent. of the stock of the warehousing company, the remaining 9 per cent. being owned by others than his family. Affiliation was admitted in Pelican Ice Company v. Commissioner (C. C. A.) 37 F.(2d) 285, under the Revenue Acts of 1918 and 1921 (section 240, 40 Stat. 1082, 42 Stat. 260), but probably incorrectly according to the later decision in Handy & Harmon v. Burnet, Commissioner, 284 U. S. 136, 52 S. Ct. 51, 52, 76 L. Ed. 207. Under those statutes the test of affiliation was whether "substantially all the stock of two or more corporations is owned or controlled by the same interests." A more exact test is laid down in Revenue Act of 1926, § 240 (d), 26 USCA § 993 (d), which governs here: "For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns at least 95 per centum of the stock of the other or others, or (2) if at least 95 per centum of the stock of two or more corporations is owned by the same interests." The first of these definitions does not include this case because the warehousing company owned no stock in the ice company and the ice company at no time during the years in question held more than 38.1 per cent. of the stock of the warehousing company. Under the second definition, if we assume that Behre and his family who owned the ice company, and Behre and the ice company who together owned nearly 91 per cent. of the warehousing company, are the "same interests" under the loose interpretation of that term made in Kile & Morgan

Co. v. Commissioner (C. C. A.) 41 F.(2d) 925,[1] still there is no affiliation because 91 per cent. is not 95 per cent. The statute means that there must be a common ownership of at least 95 per cent. of the stock in *each* corporation. "It requires no discussion to show that such returns [affiliated] will not make against inequality or evasion unless the same interests are the beneficial owners in like proportions of substantially all of the stock of *each of such corporations.*" (Italics added.) Handy & Harmon v. Burnet, supra, at page 141 of 284 U. S., 52 S. Ct. 51. If more than 5 per cent. of the stock of either corporation is not interested in the business of the other, the statute considers that their incomes ought not to be merged for taxation. Over 9 per cent. of the stock in the warehousing company had no interest in the operation of the ice company. Accordingly the petition to review is denied.

---

[1] A stricter interpretation is given in Crossett Western Co. v. Commissioner

(C. C. A.) 73 F.(2d) 307.