AUTOMATIC MERCHANDISING COUNCIL OF NEW JERSEY, A CORPORATION OF THE STATE OF NEW JERSEY, AND CANTEEN CORPORATION, A CORPORATION LICENSED TO DO BUSINESS IN NEW JERSEY, PETITIONERS-RESPONDENTS, v. SIDNEY GLASER, DIRECTOR OF DIVISION OF TAXATION, SALES TAX BUREAU, DEPARTMENT OF THE TREASURY, STATE OF NEW JERSEY, RESPONDENT-APPELLANT.

AUTOMATIC MERCHANDISING COUNCIL OF NEW JERSEY, A CORPORATION OF THE STATE OF NEW JERSEY, AND THE DRINX PLUS COMPANY, INC., A CORPORATION LICENSED TO DO BUSINESS IN NEW JERSEY, PETITIONERS-RESPONDENTS, v. SIDNEY GLASER, DIRECTOR OF DIVISION OF TAXATION, SALES TAX BUREAU, DEPARTMENT OF THE TREASURY, STATE OF NEW JERSEY, RESPONDENT-APPELLANT.

AUTOMATIC CATERING, INC., PETITIONER-RESPONDENT, v. DIRECTOR, DIVISION OF TAXATION, RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 9, 1979—Decided February 23, 1979.

Before Judges Fritz, Bischoff and Morgan.

*Mr. Michael E. Goldman,* Deputy Attorney General, argued the cause for appellant (*Mr. John J. Degnan,* Attorney General of New Jersey, attorney; *Mr. William F. Hyland,* former Attorney General of New Jersey, and *Mr. Michael E. Goldman,* Deputy Attorney General, on the brief).

*Mr. David J. Connolly, Jr.* argued the cause for respondents Automatic Merchandising Council, Canteen Corporation and Drinx Plus Company (*Messrs. Schenck, Price, Smith & King* attorneys).

*Mr. Lawrence M. Fuchs* argued the cause for respondent Automatic Catering Inc. (*Messrs. Zager, Fuchs, Leckstein & Kauff,* attorneys).

The opinion of the court was delivered by

Morgan, J. A. D. For the second time we are confronted with an issue concerning the applicability of the Sales and Use Tax Act, *N. J. S. A.* 54:32B–1 *et seq.* (hereinafter "the act"), to food sales made through coin-operated vending machines. In *Automatic Merchandising Council v. Glaser,* 127 *N. J. Super.* 413 (App. Div. 1974), we invalidated an administrative regulation subjecting automatically vended foods sold for $.10 or less to the burden of the sales tax as being contrary to the terms of the act. In this appeal we consider whether the act imposes a sales tax upon auto-

matically vended foods of the kind sold by respondents[1] regardless of price. The Division of Tax Appeals held in these consolidated cases that receipts from vending machine sales of food of the kind sold by respondents are free from the impost, and accordingly vacated the deficiency asserted against one of the respondents and reversed the denials of refund claims of the other two. The Director of the Division of Taxation appeals.

A description of the statutory context must precede consideration of the projected issue. *N. J. S. A.* 54:32B–3(a) is the primary source of the sales tax, and speaks in the broadest of terms. Section 3(a) imposes a tax upon the "receipts from every retail sale of tangible personal property, except as otherwise provided in this act [*N. J. S. A.* 54:32B–1 to 29]." Tangible personal property is defined as "[c]orporeal personal property of any nature," a definition broad enough to include all types of food products of the kind respondents sell. *Automatic Merchandising Council v. Glaser, supra* at 420, so held and noted the agreement of the Director of Taxation with that conclusion.

Notwithstanding the broad scope of subsection 3(a), it is quite clear, however, that sales of most food products are not taxed under that subsection. *N. J. S. A.* 54:32B–8(b), the provision describing the exemptions from the tax imposed by subsection 3(a), reads in pertinent part as follows:

> Receipts from the following shall be exempt from the tax on retail sales imposed under subsection (a) of section 3 and the use tax imposed under section 6:
>
> \* \* \*
>
> (b) Sales of food, food products, beverages except alcoholic beverages, excluding draught beer sold by the barrel, as defined in

---

[1]Three respondents have participated in this appeal. Each sells through vending machines a variety of food products. Without specifying which respondent sells which type of food, the array of food so sold includes coffee, canned food, milk, ice cream, pastry, sandwiches, pretzels, potato chips, cookies, hot dogs, hamburgers, salads, puddings, jello and soup.

the Alcoholic Beverage Tax Law, dietary foods and health supplements, sold for human consumption off the premises where sold but not including (i) candy and confectionery, and (ii) carbonated soft drinks and beverages all of which shall be subject to the retail sales and compensating use taxes, whether or not the item is sold in liquid form. Nothing herein shall be construed as exempting food or drink from the tax imposed under subsection (c) of section 3; * * *.

The effect of this exemption is to remove most foods, food products and beverages sold for consumption off the premises from the tax imposed by the broad provisions of subsection 3(a). Food products and beverages not included within the 8(b) exemption and not specifically made subject to the tax imposed by 3(c) remain subject to the broad 3(a) tax. Among the items so taxed are carbonated soft drinks, candy and confectionery.[2] Such items taxed under 3(a) would, of course, be subject to the partial exemption therefrom provided by *N. J. S. A.* 54:32B–8(i) which excludes from the tax vending machine sales of tangible personal property for $.10 and under. *Automatc Merchandising Council v. Glaser, supra.* Most sales of food products and beverages, however, are taxed under *N. J. S. A.* 54:32B–3 (c) and the exemption contained in 8(b) is specifically declared inapplicable to the tax imposed by 3(c). Similarly, the 8(i) exemption, applicable to the tax imposed by *N. J. S. A.* 54:32B–3(a), is not applicable to the tax imposed by 3(c).

Subsection 3(c), the specific source of the tax on food sales and which is not to be affected by the exemption contained in subsection 8(b), extends the tax to receipts from certain kinds of sales of food products. So taxed are

---

2Also surviving the 8(b) exemption is food sold for consumption on the premises where sold. Since food so sold is specifically made subject to the 3(c) tax, it would appear that sales of food in restaurants and the like are taxed under both 3(a) and 3(c), an anomaly probably unintended by the Legislature.

(c) Receipts from the sale of food and drink except alcoholic beverages as defined in the Alcoholic Beverage Tax Law in or by restaurants, taverns or other establishments in this State, or by caterers, including in the amount of such receipts any cover, minimum, entertainment or other charge made to patrons or customers:

(1) In all instances where the sale is for consumption on the premises where sold;

(2) In those instances where the vendor or any person whose services are arranged for by the vendor, after the delivery of the food or drink by or on behalf of the vendor for consumption off the premises of the vendor, serves or assists in serving, cooks, heats or provides other services with respect to the food or drink, except for meals especially prepared for and delivered to homebound elderly, age 60 or older, and to disabled persons, or meals prepared and served at a group-sitting at a location outside of the home to otherwise homebound elderly persons, age 60 or older, and otherwise homebound disabled persons, as all or part of any food service project funded in whole or in part by government or as part of a private nonprofit food service project available to all such elderly or disabled persons, residing within an area of service designated by the private nonprofit organization; and

(3) In those instances where the sale is for consumption off the premises of the vendor, and consists of a meal, or food prepared and ready to be eaten, of a kind obtainable in restaurants as the main course of a meal including a sandwich, except where food other than sandwiches is sold in an unheated state and is of a type commonly sold in the same form and condition in food stores other than those which are principally engaged in selling prepared foods.

The tax imposed by this subsection (c) shall not apply to food or drink which is sold to an air line for consumption while in flight.

Subsection 3(c) was construed in *Automatic Merchandising Council v. Glaser, supra,* as not applying to sales of food through coin-operated vending machines, rejecting the Director's contention in that case that it did. Lack of legislative action with respect to this holding in the four years which have passed since Automatic was decided strongly suggests that we did not go astray in our interpretation of that subsection. Further, recent attempted legislative action with respect to taxing food sales from automatic vending machines, aborted by failure of the Governor to sign it, did not merely include such sales within subsection 3(c) by amendment; rather, the proposed amendment imposed the tax by

separate section on terms different from those applicable to sales of other food products. Assembly Bill 578, introduced February 9, 1978. Hence, the attempted legislation would have taxed food and beverage sold through coin-operated vending machines "at the wholesale price of such sale, which shall be defined as 60% of the retail vending machine selling price, except sales of milk which shall not be taxed. * * *" Other sales through vending machines were to continue subject to the tax imposed by subsection 8(a), the provision taxing all tangible personal property. We cannot escape concluding from this unsuccessful attempt to legislate that the Legislature interpreted subsection 3(c) as not subjecting foods sold through automatic vending machines to the tax in accordance with our views expressed in *Automatic Merchandising Council v. Glaser, supra.*

The appealing Director in his brief eschews reliance upon any particular provision of the act as imposing the tax. Rather, he argues from the general statutory scheme of the act "both as it relates to sales through coin-operated vending machines and sales of food items" which, he contends, "mandates that prepared food sold through such machines be taxed, notwithstanding issues that may be raised through a slavishly literal reading of the statute concerning whether the tax is imposed through subsection (a) of § 3 or subsection (c) of § 3." Central to the Director's argument which, by itself, would not be wholly unpersuasive, is the view rejected by *Automatic Merchandising Council v. Glaser, supra,* that food sales in or by restaurants and taverns are so similar to sales through vending machines that the latter should be subsumed thereunder. This was precisely the position taken by the Director in the *Automatic* case and rejected by this court, following which the only attempted legislative action taken was that described above. In this context we see no reason to alter the views expressed in that case.

The Director further seeks, by indirection, to infer imposition of the tax on food sales through vending machines

from a partial exemption to vending machine sales contained in *N. J. S. A.* 54:32B–8(i). Subsection 8 provides:

Receipts from the following shall be exempt from the tax on retail sales *imposed under subsection (a) of section* 3 * * *

(i) Tangible personal property sold through coin-operated vending machines at $0.10 or less * * *. [Emphasis supplied]

From this provision the Director would have us imply a tax on all merchandise, including food and drink covered by subsection 3(c), sold through vending machines without, however, identifying the statutory source of the tax. Thus, he notes that the Legislature specifically dealt with vending machines sales in this exemption and "[h]ad the Legislature intended to exempt specific goods sold in this manner at a price of more than $0.10, it would have so provided."

The problems with this argument are manifest. The exemption contained in subsection 8(i) applies only to items taxed under subsection 3(a), and sales of most food products and beverages are expressly exempt from that tax by *N. J. S. A.* 54:32–8(b) previously quoted and described. What items remain subject to the tax imposed by subsection 3(a) (such as candy, confectionery, carbonated soft drinks) are, of course, subject to the 8(i) exemption of tax where their price is $.10 or less. That exemption from the tax imposed by subsection 3(a) cannot, however, serve to create a tax by implication. The rule governing construction of tax measures adopted by *Kingsley v. Hawthorne Fabrics, Inc.,* 41 *N. J.* 521 (1964), quoting *Gould v. Gould,* 245 *U. S.* 151, 153, 38 *S. Ct.* 53, 62 *L. Ed.* 211 (1917), cautions as follows:

In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the government, and in favor of the citizen. [41 *N. J.* at 528–529]

Accord, *International Business Mach. Corp.* v. *State,* 141 *N. J. Super.* 79, 84 (App. Div. 1976) ; *American Can Co.* v. *Director of Div. of Tax.,* 87 *N. J. Super.* 1, 13 (App. Div. 1965). Adoption of the Director's argument, which seeks the statutory source of the tax in a provision exempting from tax, quite obviously runs afoul of this fundamental rule of construction.

In sum, we conclude that automatically vended food and drink products, such as milk, sandwiches and the like, are not taxed by *N. J. S. A.* 54:32B-3(c) in accordance with our holding in *Automatic Merchandising Council v. Glaser, supra;* automatically vended carbonated soft drinks, candy and confectionery are taxed by *N. J. S. A.* 54:32B-3(a) and, by virtue of the exemption contained in *N. J. S. A.* 54:32B-8(i), can only be taxed when the retail sales price is $.10 or more.

The judgment of the Division of Tax Appeals did not specifically consider automatically vended sales of carbonated soft drinks, candy and confectionery as being subject to the sales tax imposed by *N. J. S. A.* 54:32B-3(a) and surviving the exemption granted by *N. J. S. A.* 54:32B-8(b). Indeed, there is no suggestion in the record that the matter was presented to it in that context. Hence, to the extent that the challenged judgment purports to apply to such sales, it is reversed and the matter remanded for further action consistent with this opinion. In all other respects the judgment is affirmed.